### MUSER v. BELL.

(Circuit Court of Appeals, Second Circuit. December 14, 1921.)

No. 67.

1. Patents ⊗═26(2)—To constitute invention in combination of old elements, the result must be produced by the combination.

　　To constitute invention in a new combination of old elements, the result must be the product of the combination, and not a mere aggregation of several results, each the complete product of one of the combined elements.

2. Patents ⊗═328—1,207,142, and 1,242,659, for washing machine and mechanism for operating attached wringer, held void for lack of invention.

　　The Darrow patents, No. 1,207,142, for a washing machine for household use, and No. 1,242,659, for mechanism for operating a wringer attached to such machine, held void for lack of invention.

3. Patents ⊗═25—To produce better operating mechanism is not invention.

　　To produce a more convenient operating mechanism than those who preceded may make for superiority, but this does not make an aggregation patentable.

⊗═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by Heart Lee Muser, executrix, against Harry A. Bell. Decree for defendant, and complainant appeals. Affirmed.

Gorham Crosby, of New York City, for appellant.

Howson & Howson, of New York City (Charles W. Hills and Charles W. Hills, Jr., both of Chicago, Ill., of counsel), for appellee.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

MANTON, Circuit Judge. This is a suit for infringement on two patents, No. 1,207,142, granted December 5, 1916, and No. 1,242,659, granted October 9, 1917, to H. W. Darrow, and assigned to appellant's intestate Fritz Muser. Both relate to portable washing machines commonly used in the household. Patent No. 1,207,142 relates to a washing machine of the rotating cylinder type; the clothes being washed in a cylinder and the mechanism for rotating the cylinder being arranged and constructed in such a manner, as claimed by the appellant, to be an improvement in the art. Claims 3, 6, and 14 are involved. Patent No. 1,242,659 relates to an improved means for operating a clothes wringer attached to such washing machine. All of the six claims are involved.

The court below held the patents void for lack of invention, and the bill was dismissed. The appellant contends that upon this record the inventions in suit were shown to have been made by Darrow in 1907 or 1908, and that they constituted a definite and important advance in the art, and have contributed to making the cylinder washing machine practicable for general home use. She contends that Darrow invented "a machine having an admirable assemblage of co-operating parts, the first safe, compact, reliable, and convenient arrangement for controlling a driving washing machine of the cylinder type," and that the inventions reside in a new arrangement of old elements and are for combination patents. It is conceded that the separate parts are old.

The claims of patent No. 1,207,142 are as follows:

"3. In a washing machine, the combination of a supporting frame, a tank in the frame, and a cylinder rotatably mounted therein; an upwardly extending driving shaft journaled upon the supporting frame; a gear mounted thereon; means for rotating the cylinder adapted to be actuated by the gear on the driving shaft; manually operatable means controlling the operative connection between the gear on the driving shaft and the means for rotating the cylinder; a motor mounted beneath the machine upon the supporting frame, and operative connections between the motor and the driving shaft."

"6. In a washing machine the combination of a supporting frame; a tank in the frame, and a cylinder in the tank, rotatably mounted in the supporting frame; a casing affixed to the frame on one end of the tank, a driving shaft journaled in the casing; a motor mounted upon the supporting frame underneath the tank; operative connections between the motor and the driving shaft; a gear on the driving shaft; means for rotating the cylinder, adapted to be actuated by the gear on the driving shaft; and manually operatable means for shifting the gear on the driving shaft in operative relation with the means for rotating the cylinder, and for controlling the rotation of the cylinder without stopping or reversing the motor."

"14. In a washing machine, the combination of a frame; a tank in the

frame; a cylinder rotatably mounted therein; a motor mounted on the frame underneath the tank; a driving shaft journaled on the frame at an approximately right angle to the axis of the cylinder; means operatively connecting the motor with the driving shaft; means on the cylinder, adapted to be engaged by a driving gear; a gear on the driving shaft; an intermediate gear, adapted to be actuated by the gear on the driving shaft, and engaging the means for rotating the cylinder, and manually operatable mechanism for operatively connecting the gear on the driving shaft with the intermediate gear, substantially as herein shown and described."

This patent relates solely to the driving mechanism of the machine. The specifications read that the invention relates—

"in general to washing machines and more particularly to driving mechanism for both rotating the washing cylinder and operating the clothes wringer."

Fig. 1

Fig. 2.

The drawings show a machine supported on four legs, each of which, comprises two sections, *15* and *16*, screwed together by bolts, *18*, supported on legs. There is a tank, *32*, inside of which is rotatably mounted a washing drum, *33*. This drum is called the washing cylinder. There is nothing in the specifications in the way of description of the washing cylinder or drum, nor do the drawings show the details of construction thereof. The object is stated to be to provide a self-contained safe and easily operatable washing machine for household use, and that the invention consists in devising and in co-operatively combining the component parts of a cylinder washing machine and the driving mechanism thereof. The prior art, as disclosed by the record, is replete with knowledge of washing machines having rotatable cylinders of two kinds. In one kind, the clothes are placed in the tank and washed on the outside of the rotating cylinder, while in the other kind clothes are placed in the cylinder and there washed by being caused to rotate

Fig. 3.  Fig. 4.

therewith.   See Pratt patent, No. 130,821; Smith patent, No. 109,258; Block patent, No. 783,690; Low patent, No. 839,863.

Machines of the cylinder type, in which the clothes to be washed are inside the cylinder, may have the cylinder rotate continuously in one direction, or the cylinder may make a part of the revolution in one direction, and then may be reversed and caused to make a part of the revolution in the opposite direction, or the cylinder may make several revolutions, first in one direction, and then in another.   Here the inventor does not limit his machine to one having any particular kind of cylinder, nor does he specifically describe any particular kind of rotation for the cylinder.   The mechanism for rotating the cylinder *33*, comprises a motor, *35*, mounted beneath the tank of the machine and provided with the spur wheel, *41*, which engages with the internally toothed wheel, *46*, mounted on the stud shaft, *42*.   The hub, *44*, of the gear wheel, *46*, has formed on its outer end the beveled teeth, *50*, which engage with the beveled wheel, *50*, which is mounted on the driving shaft, *49*.

*Fig 5.*

*Fig. 6.*  *Fig. 9.*  *Fig. 7.*

*Fig. 8.*

The driving shaft, *49*, extends upwardly along one end of the tank, *32*, and has its lower end supported in the block, *47*, and its upper end journaled in the bushing, *57*, supported on the bracket, *55*. The extreme upper end of the shaft, *49*, is journaled in the bushing, *87*, mounted in the cap plate, *62*, of the casing, *58*. As shown in Fig. 3, the shaft, *49*, has loosely mounted on it a beveled gear, *67*, which engaged with the beveled gear, *65*, mounted on the short shaft, *64*. *71* is a collar slidably mounted on the shaft, *49*, so as to rotate therewith, and which may be shifted up or down on said shaft by means of the eccentric, *73*, operated by the crank handle, *75'*. The collar, *71*, has clutch teeth, *70*, formed on its lower end, which are adapted to engage with the clutch teeth, *69*, formed on the hub of the beveled gear, *67*. When the handle, *75'*, is in down position, as shown by the full lines in Fig. 2, the clutch teeth, *70*, of the collar, *71*, engage with the clutch teeth, *69*, of the beveled gear, *67*, and the beveled gear, *67*, is thereby

operatively connected to the beveled gear, *65*, so that the latter is driven by the driving shaft, *49*. On the inner end of the shaft, *64*, there is mounted a pinion, *84*, which, as stated in the specification, "engages a train of gears mounted on the plate, *85*, that connects with the studs, *86*, to rotate the drum, *33*." By means of the handle, *75'*, the collar, *71*, may be moved into or out of engagement with the beveled gear, *67*, thereby causing the cylinder, *33*, to be rotated in the tank, or to be stopped, without interfering with the motion either of the driving shaft, *49*, or the motor, *35*. The train of gears whereby motion is communicated from the pinion, *84*, to the studs, *86*, mounted on the end of the drum, *33*, is not shown in detail on the drawings nor described in the specification.

Since the motor, and therefore the driving shaft, *49*, revolve always in one direction, the beveled pinions, *67* and *65*, are always driven in one direction; and therefore the pinion, *84*, and the train of gears with which it engages, are always driven in one direction. The washing machine thus described is known as a one-way machine. The various gears whereby motion is transmitted from the motor to the pinion, *84*, are inclosed by casings. Casing, *58*, which incloses the slidable collar, *71*, and the beveled gears, *67* and *65*, is attached to the washing machine at its lower end by means of the bracket, *55*, and at its upper end to the upper end of one of the rear corner posts. The gear wheel, *84*, and the plate, *85*, on which is mounted the train whereby motion is communicated from the gear, *84*, to the studs, *86*, lies wholly within the tank, *32*.

[1, 2] A new combination, if it produces new and useful results, is patentable, though all the constituents of the combination were well known and in common use before the combination was made. Hailes v. Van Wormer, 87 U. S. (20 Wall.) 353, 22 L. Ed. 241. But, to constitute invention, the results must be a product of the combination, and not a mere aggregation of several results, each the complete product of one of the combined elements. Merely bring old devices into juxtaposition, and there allowing each to work out its own effect, without the production of something novel, is not invention. To constitute invention, the inquiry is, has there been produced a new and useful result? The joint product of the elements of the combination must be something which is more than an aggregation of old results. To obtain a monopoly awarded by a patent, and thus prevent others from using the same devices, it must appear by the use of the combination of elements that a new and useful result is obtained. A mere multiplicity of elements does not make it patentable, and so long as each element performs some old and well-known function, is not a patentable combination but an aggregation of elements. Richards v. Chase Elevator Co., 158 U. S. 299, 15 Sup. Ct. 831, 39 L. Ed. 991; Brinkerhoff v. Aloe, 146 U. S. 515, 13 Sup. Ct. 221, 36 L. Ed. 1068. In the combination considered at bar, each of the several parts of the driving mechanism is old. The motor and its use is old. The incasing of gearing is old. When the patent was issued, washing machines having all the elements set forth in the claims were in common use, and were being made and sold by a number of manufacturers.

If prior to December 5, 1916, the inventor taught the public and manufacturers of washing machines the alleged combination set forth in the claims, he must have taught it to them by making and publicly exposing machines embodying his alleged invention. This would constitute a public use. For this control of a washing machine with the co-operation of the elements here brought together, accomplished no new result involving the exercise of creative faculty, which is invention.

Patent No. 1,242,659 is for reversible driving mechanism for clothes wringers. The drawing shows the clothes wringer, *112*, mounted on

*Fig. 2.*

the rear side of the washing machine and driven by power shaft, *49*, operated by means of a motor, *35*, supported beneath the tank of the machine. The mechanism whereby the motion is communicated from the driving shaft, *49*, to the wringer, *112*, is inclosed in a housing, *58*, attached at its upper end to a bracket, *62*, which is secured to the upper corner of the machine. The claim substantially set forth a combination comprising a frame and pair of rollers rotatably mounted in the frame, intermeshing gears mounted on their axes to convergently rotate

the rollers, a driving shaft, gears mounted thereon, an intermediate shaft, operatively connected with the gears mounted on the axes of the rollers, a gear on the intermediate shaft meshing with the gears on the driving shaft.

We think the claims cover an aggregation, since the mechanism could be adapted to any other apparatus as well as a clothes wringer. A clothes wringer cannot be claimed as an element of the combination. The addition of reversing mechanism connected to a wringer is not considered to involve invention. Reversing gearing was old, and to operate a wringer by power and incorporating a reversing mechanism would not involve invention for the reason that it has been well known for a long time to operate hand-operated wringers and turn them in one direction or the other. Such reversing mechanism may be employed in any art without involving invention. The prior art discloses this. The Woodrow patent, No. 921,195, and the Shedlock patent, No. 421,198 show washing machines having wringers with intermeshing gears mounted on the rollers of the wringer. The Shedlock patent shows a wringer equipped with a reversing mechanism whereby the wringer may be started, stopped, and reversed without interfering with the driving shaft. None of the claims are for a combination with a clothes wringer and other elements. The word "wringer" does not appear in any of the claims. The claims broadly are for a combination of mechanism, roller shafts and gears. The control of the operation of the wringer by an old and well-known method, does not amount to an invention. Grinnell Washing Machine Co. v. Johnson Co., 247 U. S. 426, 38 Sup. Ct. 547, 62 L. Ed. 1196. To produce a more convenient mechanical mechanism than others who preceded may make for superiority, but this does not make an aggregation patentable. Office Specialty Co. v. Fenton Metalic Co., 174 U. S. 492, 19 Sup. Ct. 641, 43 L. Ed. 1058.

[3] We think that the combination provided for by the inventor in the operation of the wringer fails to show that invention is achieved. It does not produce such a novel and useful result in what is claimed by the inventor for the co-operating action of the elements, which is essential to distinguish between patentable combination and an aggregation of old elements, even though they be so placed by mechanical skill as to do work more economically. Ordinary mechanical skill was fully adequate for the undertaking and the accomplishment here obtained in view of the prior art.

Decree affirmed.