MICHELINA MASSARO, Appellant, *v.* NATIONAL FIRE INSURANCE
COMPANY OF HARTFORD, CONN., Respondent.

Fourth Department, October 7, 1936.

*Don Carlos Buell,* for the appellant.

*Charles E. Spencer,* for the respondent.

TAYLOR, J. The appeal is from a nonsuit in an action upon a fire insurance policy. The Fulton Savings Bank had an interest as mortgagee in a fire insurance policy covering a dwelling belonging to the estate of James A. Foster, who died in 1915. A fire damaged the dwelling on May 11, 1929. This plaintiff claims to have succeeded to the rights of the mortgagee under the fire insurance policy through a written assignment made after the fire. The administrator with the will annexed of the estate of James A. Foster brought a proceeding under sections 234 to 240 of the Surrogate's Court Act to sell the premises in question. The surrogate made an order permitting the sale. The sale was had to plaintiff. The deed was delivered and was recorded March 16, 1929, and plaintiff went immediately into possession. An order of confirmation was made by the surrogate but not until November 25, 1929, the fire, as stated, having occurred on May 11, 1929.

The New York standard fire insurance policy provides that " This entiré policy shall be void, unless otherwise provided by agreement in writing added hereto, * * * (d) if any change, other than by the death of an insured, take place in the interest, title or possession of the subject of insurance (except change of occupants without increase of hazard).''

As to a mortgagee it provides in the standard mortgagee clause that " this insurance, as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property, nor by any foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title or ownership of the property, nor by the occupation of the premises for purposes more hazardous than are permitted by this policy.''

This is followed by a proviso that " the mortgagee (or trustee) shall notify this Company of any change of ownership or occupancy or increase of hazard which shall come to the knowledge of said mortgagee (or trustee) and unless permitted by this policy, it shall be noted thereon and the mortgagee (or trustee) shall, on demand, pay the premium for such increased hazard for the term of the use thereof; otherwise this policy shall be null and void.'' It is conceded that there has been no change of occupancy increasing the hazard. The questions before us are (1) was the assignment to plaintiff by the mortgagee of its claim under the policy valueless because of a change in " title or ownership '' of the premises before the fire which brought about an avoidance of the policy — there being no proof of notice to the defendant through the mort-

gagee or otherwise? (2) was there such a change of interest or possession as to avoid the policy as to this plaintiff?

The sale of the realty was a statutory proceeding and the statute must be strictly followed. Section 240 of the Surrogate's Court Act reads as follows: " The executor or administrator shall thereupon execute the order, subject to the approval of the court and make a report of his proceedings thereunder. The surrogate may confirm or reject the mortgage, lease or sale, extend the order to other parcels or require a re-execution of the order upon such terms and on such conditions as he may direct, and he may relieve a purchaser from his purchase in a case where he might be so relieved in the Supreme Court, on such terms as justice shall require." Did title or ownership pass to plaintiff through the execution and delivery of the deed pursuant to an order of the surrogate, plaintiff having taken possession of the premises and being in occupancy of them before the fire? There may be doubt about that. The sale of the premises in the proceeding was but in process when the fire occurred. Implicit in section 240 of the Surrogate's Court Act is authority in the surrogate to approve the sale or to disapprove, even to reject it and relieve the purchaser of his purchase.

There was no power of sale in the will of James A. Foster. And it seems to be stated as the rule generally (24 C. J. 651), as well as in the State of New York (*Rea* v. *M'Eachron*, 13 Wend. 465), that in a Surrogate's Court proceeding like that here conducted " title " does not pass until confirmation by the surrogate. However, we do not feel required to express an opinion as to this " rule " for the reasons now to be given.

The contract — the standard insurance policy — as quoted also avoids a fire policy for change in " interest " or " possession." In *Brighton Beach Racing Assn.* v. *Home Ins. Co.* (113 App. Div. 728; affd., 189 N. Y. 526) it is held that a vendee in possession of real estate under a contract of sale has such an " interest "— even though it is but an equitable one — that the transaction avoids a fire insurance policy in the absence of appropriate notice to the insurer. It may be noted that this common-law rule has been changed by section 121-b of the Insurance Law (added by Laws of 1936, chap. 252), in effect April 4, 1936.

We reach the conclusion that the transfer in the instant case — under a deed authorized by the surrogate, delivered, accepted and recorded and followed immediately by possession — although probably not conferring an equitable title, was a transfer not only of " possession " but of an " interest " sufficient to render the insurance void. The provisions of the policy with reference to change — not only of title or ownership but of interest or possession — seem to manifest an intention to grant to an insurer a right

to know who is to have a material interest in the property insured, especially an " interest " coupled with possession — as here — such that the risk may be jeopardized in the estimation of the insurer. For the vendor, the original insured, had ". parted with the absolute control and dominion over the property insured." (*Brighton Beach Racing Assn.* v. *Home Ins. Co., supra.*) Basically an insurer has the right to know whom it is insuring.

The judgment should be affirmed.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, CROSBY and LEWIS, JJ.

Judgment affirmed, with costs. [See 249 App. Div. 262; Id. 709.]