MICHELINA MASSARO, Appellant, *v.* NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, CONN., Respondent.

Fourth Department, December 23, 1936.

*Don Carlos Buell*, for the appellant.

*Charles E. Spencer*, for the respondent.

TAYLOR, J. When this case was decided by this court October 7, 1936, and an opinion handed down (248 App. Div. 448), we had not then had the benefit of an examination of the original orders of the Surrogate's Court dated June 28, 1926, and July 12, 1926, the only orders upon which the administrator's deed to plaintiff of lot No. 2 was based and the only orders recited in that deed. Upon reargument we now find that the first of said orders, while containing certain recitals and " determinations " as to property ownership, contained no ordering provision permitting or directing a sale of any property at all. The second order, that of July 12, 1926, authorized the administrator to convey to various persons, none of them including this plaintiff, various lots, none of which was the lot in question, viz., lot No. 2 of block 114. There had been an order of the Surrogate's Court made November 26, 1928, authorizing the sale to plaintiff of lot No. 4 in block 114 and this order had been preceded by a verified application of the administrator to sell said lot No. 4 to plaintiff for $1,650. Thus the deed from the administrator to plaintiff of lot No. 2 dated November 27, 1928, was entirely without authorization by the surrogate. And there was no power of sale in the will of James A. Foster by whose estate, as owner, the claimed sale was being made.

With this better understanding of the facts, much that we said in our former opinion was obiter, immaterial. We now reach the following conclusions: (1) If it be the fact that this plaintiff is here making a collateral attack upon the surrogate's proceeding,

whereby title to or ownership of lot No. 2 is claimed to have been transferred to plaintiff, she has the right to make such collateral attack. For while the surrogate had jurisdiction in general to conduct the proceeding, the deed of the administrator was entirely void because executed and delivered without authorization. It is not a matter of mere error reviewable only on appeal. The deed was void and plaintiff is in a position to make that claim. (*Atkins* v. *Kinnan*, 20 Wend. 241, 246; *Wise* v. *Wedlake*, 217 App. Div. 210, 212.) (2) The plaintiff having acquired her cause of action as assignee of the mortgagee is incumbered by no obligations mentioned in the main body of the insurance policy. Her obligations come from the mortgagee clause alone. (*Savarese* v. *Ohio Farmers Ins. Co.*, 260 N. Y. 45; *Eddy* v. *London Assurance Corp.*, 143 id. 311.) Therefore, the provisions of the main policy relative to change of " interest, title or possession " are immaterial here. The only question we have to determine is the one under the mortgagee clause, to wit, whether or not plaintiff had " title or ownership " at the time of the fire. In the view we now take, the question of whether or not the passing of the title to plaintiff before the fire was affected by the fact that the surrogate did not confirm the sale until after the fire (Surr. Ct. Act, § 240; *Rea* v. *McEachron*, 13 Wend. 465; *Battell* v. *Torrey*, 65 N. Y. 294; *Stilwell* v. *Swarthout*, 81 id. 109; *Ellwood* v. *Northrup*, 106 id. 172) is not before us. No reason for discussing defendant's point as to right of subrogation is presented. If and when the mortgage is paid — and not before that time — respondent may claim that it is subrogated to the rights of appellant under the terms of the insurance policy.

No issues remaining for determination other than those mentioned and each party having moved at the close of the testimony for a directed verdict in favor of the movant, we reverse the judgment appealed from, with costs, and direct judgment to be entered in favor of plaintiff for $600, plus interest from May 11, 1929, and costs.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, CROSBY and LEWIS, JJ.

On reargument judgment reversed on the law, with costs, and judgment directed in favor of the plaintiff for the sum of $600, with interest from May 11, 1929, with costs.