**M. V. M., Inc., Plaintiff,**

v.

**ST. PAUL FIRE & MARINE INSURANCE CO., Defendant and Third Party Plaintiff (UNITED STATES LINES COMPANY, sued herein as United States Lines Co., Third Party Defendant).**

United States District Court
S. D. New York.
Nov. 25, 1957.

See, also, 20 F.R.D. 296.

Bigham, Englar, Jones & Houston, New York City, Daniel A. Sullivan, New York City, of counsel, for defendant and third party plaintiff.

Kirlin, Campbell & Keating, New York City, Michael F. Whalen, James McGarry, New York City, of counsel, for third party defendant.

LEVET, District Judge.

The third party defendant, United States Lines Company, sued herein as United States Lines Co. (hereinafter referred to as United States Lines), has moved this court for an order under Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., dismissing the third party complaint herein on the ground that the third party plaintiff is not a proper third party plaintiff and is not the real party in interest. It is contended that the third party plaintiff has not yet become subrogated to plaintiff's rights; that since plaintiff did not sue the third party defendant within one year, the claim is time-barred by reason of the provisions of certain bills of lading involved and by reason of Section 3(6) of the United States Carriage of Goods by Sea Act, 1936, 46 U.S.C.A. § 1303(6).

The original complaint in this action against St. Paul Fire and Marine Insurance Co. (hereinafter referred to as St. Paul), the defendant and now the third party plaintiff, is based upon a certain insurance policy and an alleged loss and damage to five shipments of radio-phonographs made from Hamburg, Germany to M.V.M., Inc., the plaintiff's predecessor in interest. The complaint alleges that all five shipments were delivered in good and sound condition to the United States Lines in Hamburg, Germany, and were received in New York by M.V.M., Inc., plaintiff's predecessor in interest, in broken and damaged condition due to external causes. The defendant St. Paul impleaded the third party defendant, United States Lines, and served a complaint against such third party defendant.

The time factors involved in this motion are as follows:

1. In November, 1955, the five shipments of radio-phonographs were made from Hamburg, Germany, covered by various bills of lading;

2. On or about and before December 28, 1955, all shipments were delivered;

3. On October 31, 1956, the complaint was filed against defendant St. Paul;

4. On November 2, 1956, the third party summons was served· upon the third party defendant, United States Lines;

5. On January 23, 1957, the third party defendant filed its answer;

6. On July 31, 1957, the third party defendant moved to dismiss the third party complaint.

Each of the five bills of lading involved contained this statement:

" * * * the carrier and the ship shall be discharged from all liability for any loss, damage, or delay unless suit is brought within one year after delivery of the goods or the date when the goods should have been delivered."

Title 46 U.S.C.A. § 1303(6) is in part as follows:

"In any event the carrier and the ship shall be discharged from all liability in respect of loss or damage unless suit is brought within one year after delivery of the goods or the date when the goods should have been delivered: *Provided*, That if a notice of loss or damage, either apparent or concealed, is not given as provided for in this section, that fact shall not affect or prejudice the right of the shipper to bring suit within one year after the delivery of the goods or the date when the goods should have been delivered."

The third party defendant directs his attack upon the third party complaint to the following words appearing in paragraph 7 thereof:

" * * * *if* the plaintiff recovers against the defendant for the damage to the merchandise, the third-party defendant *will be liable* over to the defendant, who *will have been* subrogated to the plaintiff's rights against the third-party defendant." (Emphasis supplied.)

The third party defendant argues that the third party plaintiff will have been subrogated to the plaintiff's rights against the third party defendant only *if* and *when* the plaintiff recovers against St. Paul and that such rights, if any, will arise only at some future time; that the third party complaint presents no claim for present rights since there has been no basis up to the present time for subrogation since St. Paul has disputed its liability to its assured, the plaintiff, and has made no payment or even obtained any assignment of the assured's claim. Thus, the third party defendant maintains that the rights of the third party plaintiff will arise only upon payment to the assured or at the earliest upon recovery of a judgment against it by the assured.

The argument of the third party defendant further concludes that by reason of the one-year-time-for-suit clause, above set forth, and by reason of the provisions of Title 46 U.S.C.A. § 1303 (6.), above set forth, the plaintiff is now barred from commencing any action against the third party defendant and that, therefore, the third party plaintiff is also barred. Specifically, the third party defendant states that the last shipment arrived at New York aboard the U. S. American Merchant on December 3, 1955, and that on or before December 28, 1955, all merchandise was delivered by the carrier. Thus, it is claimed that plaintiff's time to sue the third party defendant is now expired; and accordingly the third party defendant cannot sue the third party plaintiff.

The third party plaintiff, St. Paul, opposes the motion to dismiss the third party complaint upon the following grounds:

1. That the motion was not made in time;

2. That Rule 14(a) of the Federal Rules of Civil Procedure permits the assertion of the claim set forth in the third party complaint.

As to the time within which this motion was made, St. Paul refers to Rule 12(b) of the Federal Rules of Civil Procedure, which in its pertinent portions states:

" * * * A motion making any of these defenses [referring among others to a motion to dismiss for failure to state a claim upon which relief can be granted] shall be made before pleading if a further pleading is permitted. * * * "

However, Rule 12(b) also contains the further statement:

"* * * If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

This court, therefore, will consider that the motion was made pursuant to Rule 56 of the Federal Rules of Civil Procedure.

The second basis of opposition is the third party plaintiff's contention with respect to the interpretation of Rule 14 (a) of the Federal Rules of Civil Procedure. The essential portion of this rule referring to this matter is as follows:

"When Defendant May Bring in Third Party. Before the service of his answer a defendant may move ex parte or, after the service of his answer, on notice to the plaintiff, for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action *who is or may be liable* to him for all or part of the plaintiff's claim against him. * * *" (Emphasis supplied.)

The third party plaintiff contends that the words "may be liable" are sufficient to sustain the validity of the third party complaint. However, in order to even eventually sustain such liability, the third party defendant, United States Lines, must have been sued within one year after the delivery of the goods under the provisions of the aforesaid bills of lading and under Title 46 U.S. C.A. § 1303(6). The plaintiff, M.V.M., Inc., sued St. Paul and the only action against United States Lines is the third party complaint. This complaint merely alleges in effect (1) that the United States Lines were the owners of the ships carrying the goods; (2) that the defendant St. Paul insured the plaintiff on these shipments of merchandise; (3) that the plaintiff has sued the defendant St. Paul on the insurance policy alleging damage to these shipments; and (4) that if plaintiff, M.V.M., Inc., recovers against St. Paul on the policy, the third party defendant, United States Lines, will be liable over to the defendant St. Paul "who will have been subrogated to the plaintiff's rights against the third party defendant."

In view of the provisions of the bills of lading and of Title 46 U.S.C. A. § 1303(6), it does not appear that either the plaintiff, M.V.M., Inc., or the defendant, St. Paul, the third party plaintiff, has asserted any timely cause of action against the third party defendant, United States Lines, on which subrogation may occur. Certainly, St. Paul has no present right of subrogation and it is elementary that a subrogation does not occur until the subrogee insurance company has paid the loss or at the earliest a judgment has been recovered against it. Massaro v. National Fire Insurance Co. of Hartford, Conn., 4th Dept. 1946, 249 App.Div. 262, 292 N.Y. S. 65, affirmed 274 N.Y. 603, 10 N.E.2d 271; Alexandra Restaurant, Inc., v. New Hampshire Ins. Co. of Manchester, 1st Dept. 1947, 272 App.Div. 346, 71 N.Y.S. 2d 515, affirmed 297 N.Y. 858, 79 N.E.2d 268; Aetna Life Insurance Company v. Middleport, 1888, 124 U.S. 534, 8 S.Ct. 625, 31 L.Ed. 537; New Amsterdam Casualty Co. v. Baker, D.C.D.Md.1947, 74 F.Supp. 809.

Furthermore, the subrogee receives no greater rights than its subrogor possessed at the time of subrogation and is bound by and subject to all of the defenses available against the original party, including statutes of limitations. Wager v. Providence Insurance Co., 1893, 150 U.S. 99, 108, 14 S.Ct. 55, 37 L.Ed. 1013; Switzerland General Ins. Co. of Zurich v. Navigazione Libera Triestina, S. A., 2 Cir., 1937, 91 F.2d 960; Liberty Mutual Ins. Co. v. Sheila-Lynn, Inc., App.Term 1st Dept. 1945, 185 Misc. 689, 57 N.Y.S.2d 707, affirmed 270 App.Div. 835, 61 N.Y.S.2d 373; New Amsterdam Casualty Co. v. Baker, supra.

More than one year has elapsed and no method appears by which either the plaintiff or the defendant St. Paul may avoid the effects of the provisions of the bills of lading or of Title 46 U.S.C.A. § 1303(6). In fact, even if the plaintiff were to attempt to amend its complaint to assert a cause of action against the third party defendant, such attempt

would be unavailing, because barred by these time-for-suit provisions. See Carlise v. Monongahela Railway Company, D.C.W.D.Pa.1954, 16 F.R.D. 426; Horan v. Pope & Talbot, Inc., D.C.E.D. Pa.1953, 119 F.Supp. 711.

Rule 14(a) of the Federal Rules of Civil Procedure was not intended to effect substantive rights. See Calvery v. Peak Drilling Co., D.C.W.D.Okl.1954, 118 F.Supp. 335, affirmed Peak Drilling Co. v. Halliburton Oil Well Cementing Co., 10 Cir., 215 F.2d 368; Thompson v. Cranston, D.C.W.D.N.Y.1942, 2 F.R.D. 270, affirmed Brown v. Cranston, 2 Cir., 132 F.2d 631, 148 A.L.R. 1178, certiorari denied Cranston v. Thompson, 319 U.S. 741, 63 S.Ct. 1028, 87 L.Ed. 1698.

The Supreme Court in referring to the defense of statute of limitations in Guaranty Trust Co. of New York v. United States, 1938, 304 U.S. 126, at page 136, 58 S.Ct. 785, at page 790, 82 L.Ed. 1224, stated:

"* * * It [the statute of limitations] has long been regarded by this Court and by the courts of New York as a meritorious defense, in itself serving a public interest."

Certainly, an even stronger case is made out when the time-for-suit provision is one embodied in the contract of parties. Indeed, at this point the following language from New York Cent. R. Co. v. Lazarus, 2 Cir., 1922, 278 F. 900, is pertinent:

"* * * But where the time within which an action could be brought is agreed upon by the terms of the contract of shipment, it is one of the terms and conditions thereof and Congress could not deprive the plaintiff in error of this property right, for to do so would be a violation of the provisions of the Fifth Amendment. * * *" 278 F. 904.

The one year time-for-suit clause of the United States Carriage of Goods by Sea Act, 46 U.S.C.A. § 1303(6), is of its own force and effect applicable to these contracts of carriage. This suit clause is one which extinguishes the cause of action itself, and not merely the remedy.

In construing a time-for-suit clause under the Interstate Commerce Act (49 U. S.C.A. § 16(3) (a)) in a suit between a railroad carrier and a shipper, the Supreme Court in Midstate Horticultural Co., Inc., v. Pennsylvania Railroad Co., 1943, 320 U.S. 356, at page 364, 64 S.Ct. 128, at page 132, 88 L.Ed. 96, stated:

"The purport of the decisions is that Congress intended, when the period has run, to put an end to the substantive claim and the corresponding liability. The cause of action, the very foundation for relief, is extinguished. Thus, in A. J. Phillips Co. v. Grand Trunk Western Ry. Co., this Court held the objection to the timeliness of the shipper's suit properly was raised by demurrer, and said that 'the lapse of time * * * destroys the liability * * * whether complaint is filed with the Commission or suit is brought in a court of competent jurisdiction.' 236 U.S. 662, 667, 35 S.Ct. 444, 446, 59 L.Ed. 774."

Consequently, the motion for judgment in favor of the third party defendant is granted.

Settle order on notice.