Leo Brown, J. ■
At issue here is whether the assignment of a mortgage subsequent to the destruction of the mortgaged property by fire transfers to the assignee the right to recover the proceeds of a fire insurance policy naming the mortgagee assignor as a loss payee. Plaintiff, the assignee of the mortgage, now moves for summary judgment against the defendant insurer. The latter cross-moves for .dismissal of the complaint on the basis of legal insufficiency and a defense founded on documentary evidence.
The following is demonstrated by the affidavits and documents submitted by the plaintiff. On July 21, 1969 Robert Guterman obtained from the defendant insurer, Reliance Insurance Company, a three-year $15,000 face value fire insurance policy covering certain real property .owned by him. By a standard mortgage clause in the policy Albert and Albina Alberti, the mortgagees of the property, were named as loss payees of the policy in compliance with Guterman’s covenant in the mortgage to insure the property against loss by fire for the mortgagees’ benefit. In September, 1971 the insured premises were completely destroyed by fire and the insurer was notified in writing of the same. The mortgagor defaulted in his mortgage payments on January 1, 1972, at which time the outstanding indebtedness was $10,359.95, plus 6% interest per annum from the time of default. A month later the Albertis assigned the mortgage to the plaintiff, Raphael Bleiweis. The assignment made no reference to the insurance proceeds. When the insurer refused to pay the proceeds to plaintiff, he instituted this action, naming the insurer and the mortgagor as party defendants.
The mortgagor, in his answer to the complaint, admits the allegations in plaintiff’s complaint and demands judgment against defendant insurer' for any sum due under the fire insurance policy over and above the amount due to the plaintiff. Defendant insurer does not on this motion dispute the plaintiff’s factual assertions, but contends that (1) the relevant facts are peculiarly within plaintiff’s knowledge and (2) plaintiff has no right to the insurance proceeds because he was not named as loss payee by the insurance policy and did not have an insurable interest to the insured property at the time of the loss.
*492 There is no merit to the first contention. Defendant insurer has not shown any reasonablé effort to ascertain the facts or to establish that no one other than the plaintiff could dispute or corroborate them. In such circumstances, plaintiff’s knowledge should not preclude granting summary judgment. (Silinsky v. State-Wide Ins. Co., 30 A D 2d 1; Tausig & Sons v. Providence Washington Ins. Co., 28 A D 2d 279.)
As for defendant insurer’s second contention, it was implicitly decided in Massaro v. National Fire Ins. Co. of Hartford (249 App. Div. 262, revg. on rearg. 248 App. Div. 448, affd. without opn. 274 N. Y. 603), that a mortgagee’s assignment of, a mortgage made after a fire transfers to the assignee the mortgagee’s right as a designated loss payee to fire insurance proceeds. The same. conclusion can be inferred from the holding in National Factors v. Waters (42 Misc 2d 822). These cases, however, do not provide any rationale for the determination.
Decisions in other jurisdictions have explicitly reached the same conclusion, namely, that the standard mortgage clause in fire insurance policies indicates an intent that the policy should accompany the mortgage when assigned by the mortgagee. (Central Union Bank of South Carolina v. New York Underwriters’ Ins. Co., 52 F. 2d 823; Calendro v. American & Foreign Ins. Co., 227 Iowa 829; Sun Fire Off. of London v. Fraser, 5 Kan. App. 63.) The court considers this conclusion unwarranted. Since the standard mortgage clause refers only to the mortgagee designated in the policy, it evidences no intent of providing coverage for the benefit of an assignee of a mortgage who is not designated in or referred to by the policy. (Insurance Law, § 168, subd. 6; second p. of Standard Fire Policy, lines 68-85.) It is the designated mortgagee who acquires the right to the insurance proceeds. As a result, when the mortgagee has a right to the proceeds of the policy, that right is assignable unless, of course, as is not here the case, the policy expressly restricts such assignment. (Andrello v. Nationwide Mut. Fire Ins. Co., 29 A D 2d 489, 494.) The determinative question then is whether an assignment of the mortgage without reference to the insurance proceeds assigns the mortgagee’s right to the proceeds.
Squarely facing this question, the court finds several reasons for determining that, by the- assignment of the mortgage, the mortgagees’ right to the insurance proceeds was assigned to the plaintiff. First, from the mortgagor’s agreement to insure the property for the benefit of the mortgagees, the *493 mortgagees acquired an equitable right to the insurance proceeds, even if not named as loss payees in the policy. (Cromwell v. Brooklyn Fire Ins. Co., 44 N. Y. 42; Nor-Shire Assoc. v. Commercial Union Ins. Co., 25 A D 2d 868.) An assignment of the mortgage would transfer this right created by the mortgage agreement. In the same vein, since by the mortgage agreement the insurance proceeds became collateral security for the mortgagor’s indebtedness (Fields v. Western Millers Mut. Fire Ins. Co., 290 N. Y. 209; B X Corp. v. Aetna Ins. Co., 187 Misc. 806, affd. 272 App. Div. 880; Spadaro v. Chenango County Nat. Bank & Trust Co. of Norwich, 156 Misc. 230), it could be said that the assignment of the mortgage transferred to the assignee the mortgagee’s right to such collateral security. (See 6 C. J. S., Assignments, § 87; Matter of 24-52 44th St., Long Is. City, 176 Misc. 249.) Lastly, by the assignment of the mortgage plaintiff, as assignee, became the mortgagees’ attorney in fact to recover the mortgagor’s indebtedness by any lawful means which would have been available to the mortgagees had the assignment not been made. (Beal Property Law, | 254, subd. 9.) Therefore, plaintiff, though not named as loss payee in the insurance policy, acquired the right of his assignors to the insurance proceeds by the assignment of the mortgage, even though the assignment made no specific reference to this right.
Finally, there remains the defendant’s claim that at the time of the loss the plaintiff did not have an insurable interest in the property. It is- undisputed that at the -time of the loss in September, 1971, the mortgage debt remained unpaid. Default in payment did not take place until January 1, 1972, and the mortgage remained upaid when it was transferred to the plaintiff in February, 1972. So long as there was a debt remaining, the insurable interest of the loss payable mortgagee remained (Whitestone Sav. & Loan Assn. v. Allstate Ins. Co., 28 N Y 2d 332; Equitable Life Assur. Soc. of U. S. v. Great Atlantic Ins. Co. of Delaware, 69 Misc 2d 714), and the mortgagee’s right to the proceeds of the fire insurance policy was assignable.
Accordingly, plaintiff’s motion is granted and defendant insurer’s cross motion is denied.
Settle order and provide therein for an assessment of damages pursuant to subdivision (c) of CPLB 3212 before the trial court upon compliance with the applicable calendar rules and payment of all required fees.