■ JANE H. CUTLER, Appellant, v AETNA LIFE & CASUALTY INSURANCE Co., Respondent, and NEW YORK LIFE INSURANCE Co., Appellant.—Order, Supreme Court, New York County, entered August 8, 1977, unanimously reversed, on the law, and the motion of plaintiff-appellant Cutler and the cross motion of defendant-appellant New York Life Insurance Company for summary judgment are granted on the issue of liability, and the matter remanded for assessment of damages, in the manner hereinafter set forth, without costs and without disbursements. Plaintiff, owner of certain realty, entered into agreement with a lessee for construction and occupancy of a shopping center. Defendant-appellant New York Life provided mortgage money for the project. The lessee of the premises, not joined as a party hereto, procured insurance coverage as required by the ground lease for the amount of ·the mortgage from defendant-respondent Aetna. Later, the lease was assigned to a successor lessee. After construction, there was a fire in the premises, resulting in substantial loss. When defendant-respondent Aetna refused to make payment for the loss, plaintiff owner sued both lender and insurer insurance companies. Motions by plaintiff and by defendant mortgagee New York Life for summary judgment were denied. It is conceded in the motion papers of defendant-respondent Aetna that the subject insurance policy "contained a standard mortgage clause protecting the interest of New York Life Insurance Co., the mortgagee." New York Life was named in the policy as mortgagee. That standard policy (see *Goldstein v National Liberty Ins. Co.*, 256 NY 26, 30) thus created a clear obligation on the insurer's part, in these circumstances, to pay, in the first instance, the amount due on the mortgage to the mortgagee "as interest appears." *(Syracuse Sav. Bank v Yorkshire Ins. Co.*, 301 NY 403). Any excess above the mortgage debt is due to the plaintiff-appellant owner. We find completely irrelevant to this action

a defense—now apparently abandoned—interposed by defendant-respondent insurer Aetna that it was not notified of assignment by the original lessee of the premises to another; that lack of notice would have no effect on the insurance contract between plaintiff and defendant insurer. Ownership of the premises in plaintiff was not affected thereby. Nor is the contract of insurance affected in the least by the possible extinguishment of the assignor lessee's obligation to furnish insurance; it had been furnished, and the contract thereof was not extinguished, the original lessee not being a contracting party thereto. In any event, Aetna never canceled. The question of what tenant's rights there may be to any part of the insurance—to which one—is not to be resolved in this suit. As to any obligation owing by plaintiff landlord to her tenant, whether assignee or assignor, that would depend on their contract, and any such question, involving as it does a party not before the court, is not here to be adjudicated, whatever claim may be asserted in future. At this juncture, we find Aetna cast, in practical effect, into the role of stakeholder between plaintiff and New York Life. Accordingly, there will be summary judgment against Aetna, not to exceed in sum the policy's face amount. Defendant New York Life is entitled to be paid the amount remaining due on the mortgage and the unpaid interest thereon, which is to be calculated at the assessment we order. If however the parties are in agreement as to that amount, it may be stated in the order to be settled hereon. Once that amount has been ascertained, either by assessment or in the settled order, and the amount of fire damage has been fixed, the latter will be payable to the plaintiff. Settle order on notice. Concur—Birns, J. P., Silverman, Evans and Markewich, JJ.