OPINION OF THE COURT
Howard E. Levitt, J.
The within motion for summary judgment pursuant to CPLR 3212 is disposed of as hereinafter set forth.
The facts in this case are not in dispute. A policy of insurance was issued on a house located in Richmond Hills, New York, in the amount of $40,000 by the defendant Utica Mutual Insurance Company (Utica) to the defendants Dominick and Josephine Di Martino (Di Martino), with a loss pay *559 able clause to the plaintiff as mortgagee. Plaintiff, as assignee of a first mortgage securing a bond in the face amount of $26,500, obtained a judgment of foreclosure and sale against the Di Martinos entered on April 21, 1977 in the sum of $34,969.46, taking into account back interest, unpaid taxes paid by the mortgagee and costs, together with interest from December 1, 1976. The policy has previously been duly amended to name plaintiff as loss payee under the New York standard mortgagee clause "as interest may appear.”
On May 1, 1977, the house was totally destroyed by fire (the premises had not been sold pursuant to judgment at the time of the fire) with the loss fixed at $33,600. As of the date of the fire, the face amount of the bond securing the mortgage was $26,500, less the amount of the payments made by the judgment-debtor-mortgagor ($3,842.82), which left a balance of $22,657.18. Defendant Utica has offered the sum of $22,657.18. Plaintiff, in refusing the tender of this amount, contends that its insurable interest is co-extensive with the amount owed plaintiff as established by the judgment of foreclosure in the amount of $34,969.46. Defendant Utica, to the contrary, argues that as to the mortgagee, the policy of insurance covers the mortgage debt as it existed at the time of the loss, to wit: $22,657.18, since all the insurance company is responsible for when the policy is written is the amount of the mortgage less any payments which may have been made up to the time a loss is suffered, and that there is no provision in the policy of insurance that it covers any excess over that amount which the mortgagee may recover against the mortgagor as a result of a judgment of foreclosure.
The issue, which appears to be one of first impression, is: what is the measure of the mortgagee-judgment-creditor’s recovery under a policy of fire insurance? Clearly a loss-payable mortgagee, such as the plaintiff, has an insurable interest, as defined in section 148 of the Insurance Law, in the mortgaged premises (2A Warren’s Weed, NY Real Property, Insurance, § 1.02; 38 NY Jur, Mortgages and Deeds of Trust, § 139). Such insurable interest continues until the mortgage debt is paid (Bleiweis v Reliance Ins. Co., 73 Misc 2d 490; Whitestone Sav. & Loan Assn. v Allstate Ins. Co., 28 NY2d 332; Morgan v Ellenville Sav. Bank, 55 AD2d 178). The judgment of foreclosure, which plaintiff obtained 11 days prior to the fire loss, did not extinguish plaintiff’s insurable interest or constitute payment of the mortgage debt. There had been *560 no conversion of the mortgage debt. No one disputes that the mortgagee is entitled to recover only his debt and that any surplus belongs to the mortgagor or subsequent lienors. The question then, is: what constitutes the debt?
A mortgagee’s theory of recovery is indemnity for any impairment of the mortgaged property which adversely affects the ability to resort to the property as a source for repayment (Whitestone Sav. & Loan Assn. v Allstate Ins. Co., supra). The principle is fully and completely established that the rights of a mortgagee, if any, to the proceeds of a fire insurance policy are determined and fixed as at the time of the loss (5 Couch, Insurance 2d, § 29:75; Equitable Life Assur. Soc. v Great Atlantic Ins. Co., 69 Misc 2d 714, affd 40 AD2d 956; Morgan v Ellenville Sav. Bank., supra). Under the standard mortgagee clause, a fire policy insures the mortgagee’s interest to the same extent as if it had taken out a policy directly (Eddy v L. A. Corp., 143 NY 311, 322). Had the house been free and clear, the owner could recover no larger amount and the terms are not changed because the loss is made first payable to a mortgagee (Savarese v Ohio Farmer’s Ins. Co. of Le Roy, Ohio, 260 NY 45, 57). The loss payable clause amounts to no more than a designation of an assignee to receive payments, who, as an assignee, stands only in the shoes of his assignor, the owner, as his interest may appear (Syracuse Sav. Bank v Yorkshire Ins. Co., 301 NY 403, 408). The mortgagee cannot recover for a debt secured by a mortgage other than that debt which is covered by the policy. The court must give effect to all the provisions of the insurance policy and to enforce the actual meaning of the parties to it as evidenced by all the language used within the four corners of the instrument. The court is also at liberty to consider the purpose for which the policy was executed, where that purpose plainly and necessarily appears from a perusal of the whole document. That construction will be adopted to carry out the clear purpose of the agreement — the purpose which it is obvious all the parties thereto were cognizant of and intended by the policy to further and to consummate.
Based upon the foregoing the court determines that the debt constitutes the amount remaining due on the mortgage to the mortgagee. The fire insurance policy covered the plaintiff mortgagee only to the extent of its mortgage debt and interest thereon, as so defined, due as of the date of the loss, and not the difference between the mortgage debt and the judgment of *561 foreclosure. Any excess proceeds above the mortgage debt are payable to the defendant mortgagors directly (Cutler v Aetna Life & Cas. Ins. Co., 60 AD2d 564).
Accordingly, plaintiff is entitled to judgment against the defendant Utica as a matter of law in the sum of $22,657.18, with interest from May 1, 1977. The amount deposited with this court by defendant Utica shall be applied toward the payment thereof.