**CALVERY v. PEAK DRILLING CO. (HALLIBURTON OIL WELL CEMENTING CO., third party defendant).**

Civ. No. 5967.

United States District Court, W. D. Oklahoma.

Jan. 8, 1954.

Jones & Beauchamp and Elvie L. Sewell, Duncan, Okl., for plaintiff.

Butler, Rinehart & Morrison, Oklahoma City, Okl., for defendant.

Dudley, Duvall & Dudley, Oklahoma City, Okl., Robert O. Brown and Robert E. Rice, Duncan, Okl., for Halliburton Oil Well Cementing Co.

WALLACE, District Judge.

The plaintiff, Calvery, was injured while working as an employee of Halliburton Oil Well Cementing Company (herein referred to as Halliburton) on a well job on which Halliburton was working as an independent contractor; the plaintiff sued the defendant Peak Drilling Company (herein referred to as Peak) which also was working on this same well job as an independent contractor; the plaintiff alleged that his injuries were proximately caused by the negligent manner in which an employee of Peak operated certain machinery which was under the direct control of said employee. The defendant in answering (entitled Response) denied the accident was caused by the negligence of defendant's employee and affirmatively alleged in substance: (1) that the plaintiff was guilty of contributory negligence; and, (2) that the plaintiff was injured by a fellow-servant.

In addition, defendant Peak, by way of third-party practice [1] brought in plaintiff's employer, Halliburton, and asked to be indemnified for all sums adjudged against Peak in favor of the plaintiff for the reason that the "injuries to plaintiff were caused by the negligence of third-party defendant in one or all of the following particulars:

"(1) The tools, machinery and equipment furnished by third-party defendant in the operations then in progress were defective.

"(2) The workmen furnished by third-party defendant were carless (sic) and did not exercise that degree of skill reasonably prudent workmen would have under the circumstances.

"(3) The workmen and employees of third-party defendant used improper methods of operating their equipment."

It has been stipulated between the parties to this action that:

"(1) At the time of the accident involved in this law suit, plaintiff Glenn Calvery was engaged in an occupation of a hazardous nature within the purview of the Workmen's Compensation Act of the State of Oklahoma, and entitled to recover Workmen's Compensation benefits provided by such Act from his employer, third party defendant Halliburton Oil Well Cementing Company, in whose general employ plaintiff was at the time of such accident.

"(2) Plaintiff filed a proceeding under the Workmen's Compensation Act of Oklahoma before the State Industrial Commission against Halliburton Oil Well Cementing Company, a qualified self-insurer under the terms of said Act, for medical and compensation benefits; and Halliburton has paid for medical

---

1. Rule 14, Fed. Rules Civ. Proc., Title 28 U.S.C.A. provides in part: "(a) *When Defendant May Bring in Third Party.* Before the service of his answer a defendant may move ex parte or, after the service of his answer, on notice to the plaintiff, for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. * * *"

attention and temporary total Workmen's Compensation benefits, but there has been no final hearing in such proceeding and no award made for permanent benefits."

The immediate issue before the Court is whether or not the third-party defendant, Halliburton, properly can be held as a party to this action.

Whether the defendant Peak has a right of action against Halliburton must be determined by the substantive law of Oklahoma inasmuch as Federal Rule 14,[2] which provides for such an action, is purely procedural in nature and does not enlarge the substantive rights of the parties litigant.[3]

Separate and apart from the legal impact of the Oklahoma Workmen's Compensation Act,[4] it appears certain that the allegations of the pleadings place the third-party plaintiff, Peak, and the third-party defendant, Halliburton, in the position of co-tortfeasors. Inas-

much as the general rule of law prevailing in Oklahoma prohibits contribution or indemnity between joint tortfeasors in pari delicto,[5] Peak's right of action against Halliburton, if it is to be sustained, must be supported by a recognized exception to the general rule; this exception, which is recognized in a majority of jurisdictions, permits the right of indemnity when one tortfeasor is held liable by operation of law for constructive or derivative negligence where the other tortfeasor was actually the author of the negligent acts.[6] The purest application of this principle is found where under the doctrine of respondeat superior the master, although not personally careless, through legal imputation is held responsible for the negligent acts of his servant.[7] This exception has been extended to permit indemnity in cases where courts have found as between two co-tortfeasors one is deemed to have been primarily or actively negligent where the other was merely secondarily

2. Ibid.

3. Lamport Co., Inc., v. Tepper (Slutzker), D.C.N.J.1943, 3 F.R.D. 49. Read 3 Moore's Federal Practice (2nd Ed.) § 14.03, p. 409 et seq. As stated by the Court in Kravas v. Great Atlantic & Pacific Tea Co., D.C.Pa.1939, 28 F.Supp. 66, 67: "Of course, since Erie Railroad Company v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, * * * this court will follow the law of Pennsylvania in determining whether there is a right to indemnity or contribution presented in the instant case as against the third-party defendants; but the Pennsylvania procedural practices cannot be followed. If there is a substantive right to indemnity or contribution accruing to defendant as against the third-party defendants, the procedure for its enforcement is Rule 14 of the Federal Rules of Civil Procedure."

4. 85 Okl.St.Ann. § 1 et seq.

5. Fakes v. Price, 1907, 18 Okl. 413, 89 P. 1123; Cain v. Quannah Light & Ice Co., 1928, 131 Okl. 25, 267 P. 641.

6. As noted by the author in 27 Am.Jur. § 18, p. 467: "The principle involved in the rule that as between joint wrongdoers there can be no contribution, and that one of several persons who have become liable to another for a delict

cannot, if compelled to discharge the whole, enforce contribution from his co-wrongdoers is likewise applicable where indemnity, as distinguished from contribution, is sought. But the operation of this rule against recourse is greatly circumscribed, with the result that one constructively liable for a tort is generally held entitled to indemnity from the actual wrongdoer, regardless of whether liability is imposed on the person seeking indemnity by statute or by rule of the common law, and irrespective of the existence of an express contract to indemnify. * * *"

7. "While the law does not seem to take note of the quantity of the negligence of the different joint tort-feasors as a reason for authorizing the one least negligent to have contribution from the other, the authorities do recognize a distinction in the quality of their negligence. For example, if a servant negligently injures a third party, both the servant and his master are held to be negligent, and are jointly liable to the third party; but as between themselves, the servant is primarily to blame, and at common law the master may have indemnity from the servant. (Citing authorities.)" Wheeler v. Glazer, 1941, 137 Tex. 341, 153 S.W.2d 449, 451, 140 A.L.R. 1301.

or passively negligent.[8] This exception as well as the rationale of the exception was recognized by Chief Judge L. Hand in Marra Bros., Inc., v. Wm. Spencer & Son Corporation when he observed:[9]

"Yet it is true, at least when the putative indemnitor is not protected by a compensation act, that courts have at times based indemnity merely upon a difference between the kinds of negligence of the two tortfeasors; as for instance, if that of the indemnitee is only 'passive,' while that of the indemnitor is 'active.' Such cases may perhaps be accounted for as lenient exceptions to the doctrine that there can be no contribution between joint tortfeasors, for indemnity is only an extreme form of contribution. When both are liable to the same person for a single joint wrong, and contribution, *stricti juris*, is impossible, the temptation is strong if the faults differ greatly in gravity, to throw the whole loss upon the more guilty of the two."

■ However, a careful study of the allegations contained in the pleadings of the case at bar fails to disclose any logical basis upon which the kind and character of negligence charges against Peak and Halliburton can be distinguished. Both allegations of negligence imply primary and active negligence. The original complaint asserts a claim against Peak by virtue of the negligent manner in which one of Peak's servants operated certain machinery; and, the third-party complaint alleges that Halliburton was guilty of negligence in furnishing defective "tools, machinery and equipment" for the job in question and in supplying workmen who discharged their duties negligently and not in conformity with accepted methods of operation. Peak can neither assert that it is being held responsible constructively for negligent acts committed by Halliburton or Halliburton's servants nor that its own negligence varies in character or gravity from the alleged negligence of Halliburton. Both complaints can only be interpreted as alleging active and primary negligence which concurred in result.

Peak urges that the Iowa case of American District Telegraph Company v. Kittleson[10] is direct authority for impleading Halliburton and gaining indemnity for any amount recovered by the plaintiff from Peak. However, although the facts in the American District Telegraph Company case, supra, are somewhat analogous with the instant facts[11] a reading of the opinion indicates that the Court of Appeals in the Iowa case reached its conclusion upon the theory that the third-party complainant had been guilty of negligence which differed in character from the negligence asserted against the third-party

8. As expressed in 42 C.J.S., Indemnity, § 27(b): "It has been variously held * * * that there may be a recovery of indemnity, where the person seeking indemnity and the person from whom indemnity is sought are not in pari delicto, as where the party who was compelled to pay damages was less culpable than the principal wrongdoer, although both are equally liable to the person injured * * *."

9. 2 Cir., 1951, 186 F.2d 134, 138.

10. 8 Cir., 1950, 179 F.2d 946.

11. In the American District Telegraph Company case, ibid, the plaintiff, an employee of Armour Company, was injured when an employee of American Telegraph fell through a skylight while doing maintenance work on certain American Telegraph equipment located on Armour's property; the plaintiff sued American Telegraph and alleged that its servant had been negligent in falling through the skylight; American Telegraph filed a third-party complaint against Armour and asked to be indemnified for any judgment recovered against American Telegraph for the reason that Armour had negligently permitted dust to cover the skylight hiding the skylight from the view of the employee who dropped through said skylight. The Court of Appeals held that the District Court had improperly sustained the third-party defendant's motion to dismiss.

defendant.[12] The Court in addition to implying that the third-party defendant's negligence was active compared with mere passive negligence on the part of the third-party plaintiff, also had before it the fact that the third-party defendant had failed to provide the employee of the third-party plaintiff with a safe place in which to work.[13]

██ Peak's lack of a right of action against Halliburton is independently emphasized when we consider the force and effect of the Oklahoma Workmen's Compensation Act[14] upon the issue in question. The plain wording of this Act appears to expressly prohibit indemnity under the instant facts even upon concession that the common law in Oklahoma did permit such an action. Section 12 of the Oklahoma Workmen's Compensation Act provides:

*"The liability prescribed in the last preceding section shall be exclusive and in place of all other liability of the employer* and any of his employees, *at common law or otherwise, for such injury,* loss of services or death, *to the employee,*

spouse, personal representative, parents, dependents, *or any other person, except * * *."* (Emphasis added.)

The portion of this statute "or any other person" apparently was meant to apply to all third persons including would be indemnitees such as Peak.

Although the Oklahoma Supreme Court has not yet specifically passed upon the question in issue[15] this Court holds the present impression that the Oklahoma legislature in enacting this restricted liability provision had in mind the purpose recognized by the Maryland Supreme Court in Baltimore Transit Co. v. State to Use of Schriefer:[16]

"We think the weight of authority supports the proposition that the Compensation Law limits the employer's liability as well as the employee's recovery. The employer should not be held liable indirectly in an amount that could not be recovered directly, for this would run counter to one of the fundamental purposes of the compensation law."[17]

12. Several excerpts from the opinion of the Court of Appeals, footnote 10, supra, make this evident. At page 951 of 179 F.2d the Court said: "* * * In Horrabin v. City of Des Moines, 198 Iowa 549, 199 N.W. 988, 38 A.L.R. 554, it held that the common law rule that there can be no indemnity between joint tort-feasors prevails in Iowa, but that the rule is subject to the exception that the relative guilt of two parties, both liable to a third person, may be determined for the purpose of administering justice between them, and that the law implies a promise of indemnity from one primarily liable to another secondarily liable for an injury to a third person * * *". At page 952 of 179 F.2d the Court in the American District Telegraph Company case in further analysing the Horrabin opinion, supra, recognized that the court in the Horrabin case "* * * relied upon Union Stock Yards Co. of Omaha v. Chicago, B., & Q. R. Co., 196 U.S. 217, 222, 25 S.Ct. 226, 49 L.Ed. 453, 2 Ann.Cas. 525, where it is said that indemnity is given to those whose only negligence is failure to discover a dangerous condition created by the negligence

of another, where both are liable to a third party."

13. As observed by Chief Judge Hand in Marra Bros., Inc. case, footnote 9, supra, 186 F.2d at page 139: "* * * The decision of the Eighth Circuit in American District Telegraph Company v. Kittleson, 179 F.2d 946, can well be rested upon the employer's undertaking to the contractor to furnish the contractor's men with a safe place to work, whose breach was the cause of the injury to one of the employer's workmen. * * *"

14. Footnote 4, supra.

15. As appropriately observed in the Marra Bros., Inc. case, footnote 9, supra, 186 F.2d at page 139: "As always, it is embarrassing to have to pass upon the law of a state whose courts have not decided the question. However, in cases depending upon the 'diversity jurisdiction' that often happens; we are then forced to prophecy * * *."

16. 1944, 183 Md. 674, 39 A.2d 858, 861, 156 A.L.R. 460.

17. In arriving at this conclusion the Maryland Court had the added problem of har-

The North Carolina Court in Hunsucker v. High Point Bending & Chair Company[18] in reviewing all recent authorities from the various jurisdictions held that the North Carolina compensation act, G.S. § 97–1 et seq., abrogated both the statutory right of a negligent third party to claim contribution from a negligent employer in equal fault and the common law right of a passively negligent third party to demand indemnity from an actively negligent employer.[19] The result was supported by the reasoning that the compensation act relieves the employer from the position of a tortfeasor and in its stead places an absolute responsibility upon said employer independent of issues of negligence; and, thus, an employer cannot be adjudged a joint-tortfeasor with the negligent third party where by statute the employer is kept from being viewed as a tortfeasor.

In Marra Bros., Inc. v. Wm. Spencer & Son Corporation[20] Judge L. Hand recognized that under the common law of New Jersey "when the indemnitor and indemnitee are both liable to the injured person * * * the difference in gravity of their faults may be great enough to throw the whole loss upon one." However, as applied to the New Jersey Workmen's Compensation Act the Court concluded:

"* * * So far as we can see therefore there is nobody of sure authority for saying that differences in the degrees of fault between two tortfeasors will without more strip one of them, *if he is an employer*, of the protection of a compensation act; and we are at a loss to see any tenable principle which can support such a result." (Emphasis added.)

The third-party defendant's motion to be dismissed should be sustained.

monizing the Maryland compensation act, Code 1939, art. 101, § 72, with the Maryland Joint Tortfeasors' Act, Code Supp. 1943, art. 50, §§ 21–30, which created a right of contribution among joint tortfeasors. Oklahoma has no statute permitting contribution.

18. 1953, 237 N.C. 559, 75 S.E.2d 768.

19. Although all such acts must be considered separately and stand upon the express wording of the individual act the legal force given other acts is persuasive. Significantly, the North Carolina act made no specific reference to "any other person" but was restricted to "such employee, his personal representative, parents, dependents or next of kin". The Court in the Hunsucker case, supra, 75 S.E.2d at page 773 in referring to decisions in other jurisdictions dealing with the point in issue said: "These four authorities expressly hold that the exclusive liability and remedy clauses in the Workmen's Compensation Acts of Maryland, Code 1939, art. 101, New Jersey, N.J.S.A. 34:15–7 to 9, and Ohio, Gen.Code, §§ 1465–70, 1465–93, abrogate the common law right of the passively negligent third party to recover indemnity from the actively negligent employer for damages which the third party is compelled to pay to the injured employee on account of a compensable injury. * * *" Also, see Burns v. Carolina Power & Light Company, D.C.S.C.1950, 88 F.Supp. 769.

20. Footnote 9, supra, 186 F.2d at page 139.