Dwight E. WHITE, individually and as Trustee for the Workmen's Compensation Bureau of the State of North Dakota, Plaintiff,

v.

McKENZIE ELECTRIC COOPERATIVE, INC., a corporation, Defendant and Third-Party Plaintiff,

v.

EKLUND BROTHERS TRANSPORT, INC., a corporation, Defendant and Third-Party Defendant,

and

Dakamont Motor Sales, Inc., a corporation, Defendant,

and

Arden Johnsrud, Third-Party Defendant,

and

Noble Drilling Company, a corporation, Third-Party Defendant.

Civ. No. 519.

United States District Court
D. North Dakota,
Northwestern Division.

Feb. 10, 1964.

Bjella, Jestrab, Neff & Pippin, Williston, N. D., for plaintiff.

Fred A. McKennett and Dean Winkjer, Williston, N. D., for McKenzie Electric Coop., Inc.

J. F. X. Conmy, Conmy & Conmy, Bismarck, N. D., for Eklund Bros. Transp. Inc.

J. Gerald Nilles, Nilles, Oehlert & Nilles, Fargo, N. D., for Dakamont Motor Sales and Arden Johnsrud.

Robert W. Palda, Palda, Palda, Peterson & Anderson, Minot, N. D., for Noble Drilling Co.

REGISTER, Chief Judge.

There are now pending before this Court for determination three separate Motions:

- a. Motion to Dismiss Third-Party Complaint, by Noble Drilling Company;
- b. Motion to Strike certain paragraphs of Noble Drilling Company's answer to the Third-Party Complaint, by Plaintiff;
- c. Motion to Amend Answer to Third-Party Complaint, by Noble Drilling Company.

Briefly, the facts leading up to the present situation are as follows:

Plaintiff (White, an employee of Third-Party Defendant Noble Drilling Company), while in the course of his employment, was seriously injured. He sought and received benefits under the North Dakota Workmen's Compensation Act. Subsequently, he commenced an action in tort against the Defendant and Third-Party Plaintiff (McKenzie Electric Cooperative), joining in that action, as defendants, the driver of the boom truck involved and two of the driver's alleged employers. With leave of Court, McKenzie has impleaded Noble, alleging, among other things, that Noble was negligent in that it violated certain safety requirements provided by state statute; that it owed a duty to defendant to comply with such regulations and statutes; that it breached such duty and as a result of such breach, McKenzie is entitled to indemnity from Noble; that if McKenzie is found guilty of negligence in the main action, such negligence is merely passive and the alleged negligence of Noble was active, entitling McKenzie to indemnity; and that if McKenzie is not entitled to indemnification, then it is entitled to contribution from Noble on the grounds they are joint tortfeasors.

Because of its dispositive effect, only the Motion for Dismissal of the Third-Party Complaint against Noble Drilling Company will be here considered.

Whether McKenzie has a substantive right to indemnity or contribution from Noble depends upon the substantive law of North Dakota, since Rule 14 of the Federal Rules of Civil Procedure is procedural only. Calvery v. Peak Drilling Co., D.C.1954, 118 F.Supp. 335, 337. A determination of the pending motion depends upon the construction of the North Dakota Workmen's Compensation Act. The general principles to be followed in construing such Act are stated by the Supreme Court of North Dakota in State for Benefit of Workmen's Compensation Fund v. E. W. Wylie Co., (1953) 79 N.D. 471, 58 N.W.2d 76.

Noble's motion is founded upon the proposition that it was in full compliance with all the conditions of the Workmen's Compensation Act of North Dakota and that all claims for damages against it are therefore barred by sections 65–01–08 and 65–04–28, N.D.C.C. McKenzie's rejoinder to this contention is that the code provisions referred to establish an immunity from suit by Noble's employees only and does not bar an action for contribution or indemnity by McKenzie.

The cited statutes read as follows:

"65–01–08. Contributing employer relieved from liability for injury to employee.—Where a local or out of state employer has secured the payment of compensation to his employees by contributing premiums to the fund, the employee, and the parents of a minor employee, or the representatives or beneficiaries of either, shall have no right of action against such contributing employer or against any agent, servant, or other employee of such employer for damages for personal injuries, but shall look solely to the fund for compensation."

"65–04–28. Complying employers not liable for injuries to or deaths of employees—Common-law actions barred.—Employers who comply with the provisions of this chapter shall not be liable to respond in damages at common law or by statute for injury to or death of any employee, wherever occurring, during the pe-

riod covered by the premiums paid into the fund."

Section 65–05–06, N.D.C.C. (cited by neither party in their discussion of the law pertinent to this motion) provides as follows:

"65–05–06. Payment of compensation in lieu of right of action against employer.—The payment of compensation or other benefits by the bureau to an injured employee, or to his dependents in case death has ensued, shall be in lieu of any and all rights of action whatsoever against the employer of the injured or deceased employee."

The legislature of this state, in enacting Title 65 of the North Dakota Century Code, states as its purpose:

"65–01–01. Purposes of compensation law—Police power.—The state of North Dakota, exercising its police and sovereign powers, declares that the prosperity of the state depends in a large measure upon the well-being of its wage workers, and, hence, for workmen injured in hazardous employments, and for their families and dependents, sure and certain relief is hereby provided regardless of questions of fault and to the exclusion of every other remedy, proceeding, or compensation, except as otherwise provided in this title, and to that end, all civil actions and civil causes of action for such personal injuries and all jurisdiction of the courts of the state over such causes are abolished except as is otherwise provided in this title."

■ In view of the expressed purposes of the Act, its general design and object, and the language used, it appears that the legislative intent was to make the prescribed liability exclusive, and in lieu of all other liability of the employer at common law or otherwise. It explicitly states that payment of compensation "shall be in lieu of any and all rights of action whatsoever against the employer", and that such complying employers "shall not be liable to respond in damages at common law or by statute for injury to or death of any employee * * *". If this construction of these statutes is correct, McKenzie has no cause of action against Noble under any theory of law.

It appears that the following statement of the Supreme Court of Maryland, in the case of Baltimore Transit Co. v. State to Use of Schriefer, 1944, 183 Md. 674, 39 A.2d 858, 861, 156 A.L.R. 460, and quoted by the court in Calvery, supra, 118 F.Supp. at page 339, is applicable and appropriate:

"We think the weight of authority supports the proposition that the Compensation Law limits the employer's liability as well as the employee's recovery. The employer should not be held liable indirectly in an amount that could not be recovered directly, for this would run counter to one of the fundamental purposes of the compensation law."

■ As a general proposition, it is held that a third person sued for damages for the injury or death of an employee is not entitled to either contribution or indemnity from the employer where the compensation act involved makes its remedy against the employer exclusive. 101 C.J.S. Workmen's Compensation § 982.

The state of New Mexico has in effect a compensation act similar to that of North Dakota. The pertinent provision thereof (Section 59–10–5, New Mexico Statutes, 1953) reads as follows:

" * * * Any employer who has elected to and has complied with the provisions of this act * * *, including the provisions relating to insurance, shall not be subject to any other liability whatsoever for the death of or personal injury to any employee, except as in this act provided; and all causes of action, actions at law, suits in equity, and proceedings whatever, and all statutory and common-law rights and remedies for and on account of such death of, or personal injury to any such employee and accruing to any and all persons whomsoever, are hereby

abolished except as in this act provided."

New Mexico cases construing this particular provision have held that it means just what it says—that is, a complying employer is relieved of all liability "whatsoever" for the death or injury of one of its employees.

In the case of Royal Indemnity Company v. Southern California Petroleum Corporation, 67 N.M. 137, 353 P.2d 358, at page 362 thereof, the Supreme Court of New Mexico stated:

"The use of the words in the section of the statute (above quoted) expressly limits the liability of the employer and destroys the common-law right of indemnity."

In a previous case (Beal by Boatwright v. Southern Union Gas Company, 1956, 62 N.M. 38, 304 P.2d 566, 568, cited with approval and extension in Royal Indemnity, supra) the same Court stated:

"The limitation of employer's liability for injuries sustained by an employee covered by the Workmen's Compensation Act covers all instances where that injury is sought to be made the basis for further and additional liability by the employee or others in his behalf, and indirect liability for such injury is also foreclosed both by the terms of the act and because the employer's liability for such injury is not in tort."

The language used in the New Mexico compensation law is somewhat more detailed than that employed in the North Dakota statute. For this reason, it might be argued that the New Mexico statute (and court constructions thereof) is distinguishable from the North Dakota law. However, in comparing and analyzing the two statutes, and in reading them together, I find them essentially identical in meaning and import, and find no basis for distinguishing one from the other insofar as the point here involved is concerned.

The Oklahoma Workmen's Compensation statute has been held to eliminate actions for indemnification by a third party against a complying employer. See: Calvery v. Peak Drilling Co., supra, 118 F.Supp. at p. 339. The restrictive liability provision of that law reads as follows: (Section 12, 85 Okl.St.Ann.)

"The liability prescribed  *  *  * shall be exclusive and in place of all other liability of the employer and any of his employees, at common law or otherwise, for such injury, loss of services or death, to the employee, spouse, personal representative, parents, dependents, or any other person  *  *  *".

The Court in Calvery stated:

"The portion of this statute 'or any other person' apparently was meant to apply to all third persons including would be indemnitees  *  *  *".

The phrase "or any other person" as used in the Oklahoma statute is no broader or more comprehensive than the phrase "any and all rights of action whatsoever" employed in the North Dakota statute.

The Workmen's Compensation statutes of the State of New Jersey (N.J.S.A. 34:15) have been construed to exclusively limit and bar the assertion of remedies other than those provided by such statute. Thus, in speaking of a third-party's rights to indemnity or contribution from a complying employer, the United States Court of Appeals for the Third Circuit, in Bertone v. Turco Products, Inc., 1958, 252 F.2d 726, at page 730, stated:

"That bar (Workmen's Compensation statute) continues against the third party liable in tort who seeks contribution to that liability from the employer who, absent the bar of the statute, would also be liable in tort."

It clearly appears that in those jurisdictions having Workmen's Compensation laws employing "exclusivity" clauses barring the assertion of remedies other than those provided therein, and in the absence of a direct contractual relationship between indemnitor and indemnitee, the great weight of authority is that such exclusivity provision, in and

of itself, eliminates any cause of action on the part of a third party against a complying employer for either contribution or indemnification. In my opinion, for the reasons heretofore stated, the motion of Noble Drilling Company should be granted.

Notwithstanding the dispositive effect of the foregoing, it seems advisable to comment on the propositions advanced by McKenzie in opposition to the motion to dismiss, viz., that Noble owed an independent duty to McKenzie which was breached, as a result of which McKenzie is entitled to indemnity from Noble, and that inasmuch as Noble and McKenzie are joint tortfeasors, McKenzie is entitled to contribution from Noble.

### Contribution

Any right which McKenzie might have to recover contribution from Noble must be based on a common liability on the part of Noble and McKenzie to the injured plaintiff.

"The essence of the action for contribution is common liability to the injured person, not liability for common negligence, or similar negligence, or like negligence. Simply stated, common liability means that each party, by reason of his wrongful act, is made legally liable to respond in damages to the injured party." Chicago, Rock Island & Pacific Railroad Co. v. Chicago & Northwestern Railway Co., 8 Cir., 1960, 280 F.2d 110, 115.

Because the plaintiff herein cannot proceed directly against Noble in an action for damages because of the restrictive liability provisions of the North Dakota Workmen's Compensation Act, there is absent the requisite common liability between Noble and McKenzie to the injured employee, and no right to contribution that must be based upon such common liability.

"* * * there can be no common liability to the employee when the liability of the employer is governed by the terms of a workmen's compensation act and the liability of the third party is based on common law negligence." Slechta v. Great Northern Railway Company, D.C., 189 F.Supp. 699, affirmed Great Northern Ry. Co. v. Bartlett & Co., 8 Cir., at 298 F.2d 90. Also see: American District Telegraph Co. v. Kittleson, 8 Cir., 1950, 179 F.2d 946.

"When the injured party cannot proceed against one of the joint tortfeasors because of some personal defense that party might have, there is no common liability existing between the alleged joint tortfeasors." Slechta, supra, 189 F.Supp. at pages 702 and 703.

There being no common liability existing on the part of McKenzie and Noble in favor of the injured plaintiff, McKenzie is not entitled to contribution from the complying employer, Noble.

### Indemnity

McKenzie's alternative prayer for relief against Noble asks for indemnification and as a basis for such relief, alleges two distinct propositions of law:

*A.* That Noble Drilling Company, with notice and actual knowledge of the existence of the power lines involved, owed a duty to McKenzie to comply with certain safety regulations and statutes, and in allegedly negligently failing to comply with same, breached said duty thereby making Noble liable to indemnify McKenzie in any amount it may be found liable to plaintiff.

*B.* That if McKenzie was guilty of any negligence proximately contributing to or causing the accident here involved, such negligence was merely passive and that negligence on the part of Noble which proximately contributed to or caused the accident was active, and for this reason McKenzie is entitled to indemnification.

These propositions will be considered in the order stated. The authorities hold that a third party's right to recover indemnity from an employer who is liable to the employee under the pro-

visions of a workmen's compensation act is based upon an independent contractual relationship which gives rise to a duty owing the third party by the employer which the employer has breached, thus creating the obligation to indemnify the third party. See: Ryan Stevedoring Co. v. Pan-Atlantic Steamship Corp., 1956, 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133; Hendrickson v. Minnesota Power & Light Company, 1960, 258 Minn. 368, 104 N.W.2d 843; Slechta, supra; and Kittleson, supra. In the absence of such independent contractual relationship and duty between employer and third party, indemnity is not allowed. Slattery v. Marra Bros., 2 Cir., 1951, 186 F.2d 134; Sientki v. Haffner, D.C.S.D.N.Y.1956, 145 F.Supp. 435

█ All of the cases cited by McKenzie (in its brief in opposition to the pending motion to dismiss) in support of its contention that it is entitled to indemnity under the "breached duty" theory are distinguishable in that under the facts of those cases, the courts found that there did exist, either directly or impliedly, an independent contractual relationship between the employer and third party. I am unable to find, from a consideration of the facts as pleaded in this case, that a contractual relationship—either actual or implied—existed as between Noble and McKenzie. I cannot read into the pleadings something that is clearly not there.

Under the facts as pleaded, it is my opinion that the only relationship that could be claimed to have existed between Noble and McKenzie at the time of the accident, as the basis for the main action, would be that of joint tortfeasors. If such was the relationship, then clearly, under the authorities hereinbefore cited, McKenzie is not entitled to indemnity from Noble. Also see: 101 C.J.S. Workmen's Compensation § 982, p. 456.

█ There remains for consideration what may (for want of a better term) be referred to as the "passive-active" negligence theory. It is true that a few

jurisdictions have held that indemnity lies where the negligence of the one seeking indemnity is passive and that of the one from whom indemnity is sought is active. Chicago & Northwestern Ry. Co. v. Dunn, 1882, 59 Iowa 619, 13 N.W. 722; Rozmajzl v. Northern Greybound Lines, 1951, 242 Iowa 1135, 49 N.W.2d 501. However, such determinations are exceptions to the general rule which prohibits indemnity between joint tortfeasors. Slechta, supra. This theory of indemnity is based upon a common liability (on the part of the employer and the third party) toward the injured plaintiff.

"It (type of indemnity) requires no contractual relationship or duty between indemnitor and indemnitee. They are merely joint tortfeasors. Though both are at fault with respect to the injured plaintiff, if the negligence of one is passive while that of the other is active, indemnity will lie against him whose negligence is active. *However, there can be no common liability to the employee when the liability of the employer is governed by the terms of a workmen's compensation act and the liability of the third party is based on common law negligence.*" (Emphasis added.) Slechta, supra, 189 F.Supp. p. 702.

Thus, even if the exception to the general rule is applied to the instant case, McKenzie's argument must fail, for it has already been pointed out that there is no common liability (on the part of Noble and McKenzie) to the injured employee because of the restrictive liability provision of the North Dakota Workmen's Compensation Act.

For all the reasons hereinbefore stated, it is

Ordered that the Motion to Dismiss Third-Party Complaint be, and the same hereby is, in all things, granted; and that the third-party complaint and the action against Noble Drilling Company be, and the same hereby are, in all things, dismissed.

Pursuant to the provisions of Rule 54 (b), Federal Rules of Civil Procedure, the Court hereby determines that there is no just reason for delay and expressly directs the entry of judgment in accordance herewith.