ELIEZER MARCANO TORRES, Plaintiff, *v.* PUERTO RICO WATER RESOURCES AUTHORITY, Defendant and Plaintiff against third party and Appellant; SALVADOR L. MORALES, Third-Party Defendant and Appellee.

No. R-64-29.     Decided January 20, 1965.

*José Antonio Arabía, Carlos Díaz Lamoutte,* and *Carlos Santos Correa* for appellant. Appellee did not appear.

Division composed of Mr. Justice Blanco Lugo, as Chief Judge of Division, pro tempore, Mr. Justice Dávila, and Mr. Justice Ramírez Bages.

### JUDGMENT

For the reasons stated in the preceding [subsequent] opinions, the judgment rendered in this case by the Superior Court, San Juan Part, on January 9, 1964 is affirmed.

It is thus decreed and ordered by this Court as witnesses the signature of the Chief Justice. Mr. Justice Dávila concurs

in the result on the grounds stated in *Cortijo Walker* v. *Water Resources Authority, ante,* p. 557.

(s) LUIS NEGRÓN FERNÁNDEZ
*Chief Justice*

I attest:

(s) IGNACIO RIVERA
*General Secretary*

—O—

MR. JUSTICE BLANCO LUGO, concurring.

San Juan, Puerto Rico, January 20, 1965

Eliezer Marcano Torres, a laborer who worked on construction jobs for the insured employer Salvador L. Morales, sustained an accident which was compensated under the Workmen's Accident Compensation Act, when he came into contact with some high tension electric wires of the lines served by the Water Resources Authority. After having taken the proper steps with the State Insurance Fund and under the provisions of § 31 of Act No. 45 of April 18, 1935, 11 L.P.R.A. § 32, which allows the worker to claim when the accident has happened under circumstances which made a third party liable, he brought action against said public enterprise alleging that the injuries received were due *"solely and exclusively"* to the negligence of said defendant, consisting of specific affirmative acts.[1]

---

[1] Paragraph 13 of the complaint, insofar as pertinent, reads as follows:

". . . which was aware that such construction work above referred to was being executed at Muñoz Rivera Avenue, corner of Arroyo Street in Hato Rey, P.R., having intervened directly in the approval of the plans for the electrical layout for said construction; and in view of the proximity of said high tension electric wires to the construction work it could reasonably foresee and anticipate the occurrence of an accident like the one which happened in the case at bar; without having given nevertheless, any sort of warning to the contractor in charge of the job hereinbefore referred to, or to his laborers, of the danger of such electric wires, nor having taking any precautionary measures to prevent said accident, those wires not being insulated; nor having maintained an appropriate and

Seventeen months afterwards the Authority filed a third-party complaint against Morales, the employer, alleging that he, illegally, imprudently, and negligently, performed or allowed to be performed construction work in the surroundings and vicinity of the installations and lines of the third-party plaintiff, without taking care to prevent any person from coming in contact with such installations and lines, without notifying the Authority in order to allow it to take steps in such situation, "and in violation of an independent duty, express or implied imposed by law *on the Authority, all of this being the sole and exclusive cause of the accident in this case.*" It further stated that, were it liable to plaintiff, the loss suffered on that account would be the result of the fault or negligence of the third-party defendant, and the latter would be bound to reimburse the Authority the total amount or such *part* of the amount it would have to pay the plaintiff party.

The third-party defendant moved for summary judgment on the ground that in the case of an insured employer, the remedy provided by § 20 of the Workmen's Accident Compensation Act was exclusive, to which plaintiff agreed, thereby admitting that he refused to join him as party defendant. The trial court granted the motion and dismissed the complaint.

We find it unnecessary to discuss whether the third-party complaint lies either under the contribution or the indemnization theory, see *Cortijo Walker* v. *Water Resources Authority, ante,* p. 557, for no matter how the origin of the

strict inspection of the aforesaid electric line, knowing, as it did, that such construction work was going on, inasmuch as not only did it approve the electrical plans thereof as mentioned above, but defendant was also supplying power services to the first floor of said building under construction and, in keeping, besides, high tension electric wires hanging from posts in a commercial area, such as the one where the accident took place, where not only is the construction industry in full swing, but also there are some other activities in keeping with the industrial and commercial development of that area."

liability is sought to be characterized, an examination of the allegations which we have summarized shows that the third-party defendant was joined in the action to answer to the original plaintiff, and that is prohibited by Rule 12.1 of the Rules of Civil Procedure of 1958 now in force, which only permits it where there is a party who is or may be liable to the third-party plaintiff for all or part of the claim of the original plaintiff.[2] The basis of the action brought in effect leads to making the third-party defendant solely and exclusively liable for the damages caused. Liability which may be only enforced by plaintiff Marcano. Procedurally the third-party complaint was not available to the defendant. This in no way prevents him at the proper time from adducing and establishing as a defense that he did not commit any

---

[2] Under Rule 14 (a) of the Rules of Civil Procedure of 1943, the complaint against a third party could be brought when it was alleged that the third-party defendant was or could be liable to the third-party plaintiff or the original plaintiff. In this latter case the action of the defendant had no other effect than an offer to the plaintiff to amend the original complaint for the purpose of joining an additional defendant. If plaintiff ignored this offer—as it frequently happened so as not to deprive the federal district courts of jurisdiction by reason of difference of citizenship—the dismissal of the third-party complaint was in order because he was not before the court. It is for this reason that I consider erroneous our ruling in *Simonpietri v. Blanco; Lippitt & Simonpietri*, 74 P.R.R. 499 (1953), in affirming a judgment of the trial court which held liable the third-party defendant for the payment of damages without the plaintiff having amended his complaint to join him as an additional party defendant. Cf. *Viñas v. Pueblo Supermarket*, 86 P.R.R. 31 (1962), especially its footnote 5.

In 1946 the corresponding federal rule was amended *for reasons very peculiar to the federal jurisdiction* to eliminate the provision which permitted a third-party complaint where the latter was or could be liable to plaintiff. Upon revising our rules in 1958 we adopted such amendment. It is advisable to reexamine this aspect of our procedural system.

See, in relation to the problem discussed, the report of the Advisory Committee on the Federal Rules of Civil Procedure regarding the 1946 amendment, which appears in 3 Moore, Federal Practice 413–15 (2d ed.); Clark, *Experience Under the Amendments to the Federal Rules of Civil Procedure*, 8 F.R.D. 497 (1949); Landis and Landis, *Federal Impleader*, 34 Cornell L.Q. 403 (1949); Poteat, *Third Party Practice Under the New Rules*, 25 A.B.A.J. 858 (1939); and 29 Va. L. Rev. 981 (1943).

negligent act from which liability may ensue. *Cf. Widow of Dávila* v. *Water Resources Authority*, 90 P.R.R. 316 (1964), and that it may only be attributed to the third party.

The judgment will be affirmed.

—O—

Separate opinion of MR. JUSTICE RAMÍREZ BAGES.

San Juan, Puerto Rico, January 20, 1965

The question raised in this proceeding—as the one raised in *Cortijo Walker* v. *Water Resources Authority, ante,* p. 557 —requires us to determine whether in the case of an injured worker who, after receiving compensation from the State Insurance Fund, files a complaint against a third party, that is petitioner Puerto Rico Water Resources Authority, the latter may claim compensation by means of a third-party claim against the employer of the injured worker on the ground that said employer allowed the construction of a building in violation of the provisions of the Building Construction and Repair Industrial Safety Regulations (29 R.&R.P.R. § 326–29, Regulation 25(a), promulgated under Act No. 112 of May 5, 1939—29 L.P.R.A. §§ 322–323 and 335), as a result of which workman Eliezer Marcano was injured, even though § 20 of the Workmen's Accident Compensation Act provides that the right established in said Act "to obtain compensation shall be the only remedy against the employer."

In the case of *Cortijo Walker, supra,* under circumstances similar to those at bar, we held that any action against the employer is inappropriate because under these circumstances the remedy provided by the Workmen's Accident Compensation Act is the "only remedy against the employer."

Although we agreed that the employer had no liability, we believe that we should set forth the grounds for this conclusion.

In cases like this it has been sought to hold the employer liable either by invoking the right of contribution referred to in *García* v. *Government of the Capital*, 72 P.R.R. 133 (1951), or the right to indemnity provided by § 1054 of the Civil Code (31 L.P.R.A. § 3018).

In view of the provisions of § 20 of the Compensation Act, a person cannot claim the right of contribution against an employer when that person is liable for the injuries suffered by an employee, together with the workman's employer, in case such injuries are compensable under said Act. *Halcyon Lines* v. *Haenn Ship Corp.*, 342 U.S. 282 (3d Cir. 1952); *Fidelity & Casualty Co. of N.Y.* v. *J. A. Jones Const. Co.*, 325 F.2d 605 (8th Cir. 1963); *Bertone* v. *Turco Products*, 252 F.2d 726 (3d Cir. 1958); *Peak Drilling Co.* v. *Halliburton Oil Well Cement Co.*, 215 F.2d 368 (10th Cir. 1954); *Hendrickson* v. *Minnesota Power & Light Company*, 104 N.W.2d 843 (Minn. 1960); *Employers Mutual Liabil. Ins. Co.* v. *Griffin Constr. Co.*, 280 S.W.2d 179 (Ky. 1955); *Farren* v. *New Jersey Turnpike Authority*, 106 A.2d 752 (N.J. 1954); "*Effect of Workmen's Compensation Act on Right of Third Person Tortfeasor to Recover Contribution from Employer of Injured or Killed Workman*," 53 A.L.R.2d 977. The reason is that when two persons are jointly liable in tort, logically one cannot recover contribution from the other if the latter has been relieved from the claim for the tortious act by a personal defense such as the provision of § 20 of the Workmen's Accident Compensation Act of Puerto Rico.

In the instant case it is alleged, however, that the employer of the injured workman is not relieved by the provision of § 20 of the Workmen's Accident Compensation Act, from an indemnity claim filed by a third person on the wrongful conduct of said employer in regard to that third person.

Courts of federal and state jurisdictions in the United States have upheld the right to recover indemnity in cases of

longshoremen employed by a contractor to unload the vessel of a third party when the stevedore received injuries while working in the vessel, not caused by negligence on the part of his employer but due to a defective equipment supplied by the latter (the workman received compensation under the Longshoremen's and Harbor Workers' Compensation Act, and afterwards sued and recovered damages from the owner of the vessel), either under the theory of the contractor's implied warranty of workmanlike service, *Italia Soc.* v. *Ore. Stevedoring Co.*, 376 U.S. 315 (1964), or that the contractor had breached his contract with the owner of the vessel to furnish labor and supervision "for the proper and efficient conduct of the work" or had breached his contractual undertaking to perform with reasonable safety. *Weyerhaeuser S.S. Co.* v. *Nacirema Co.*, 355 U.S. 563 (1958), *Ryan Co.* v. *Pan-Atlantic Corp.*, 350 U.S. 124 (1956). In these cases the Compensation Act provided that "the liability of an employer . . . shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer . . . on account of such injury or death." *Horton* v. *Moore-McCormack Lines, Inc.*, 326 F.2d 104 (2d Cir. 1964); *Damanti* v. *A/S Inger*, 314 F.2d 395 (2d Cir. 1963); *Koninklyke Nederlandsche, etc.* v. *Strachan Shipping Co.*, 301 F.2d 741 (5th Cir. 1962); *Northern Natural Gas Company* v. *Roth Packing Company*, 323 F.2d 922 (8th Cir. 1963); *Crawford* v. *Pope & Talbot, Inc.*, 206 F.2d 784 (3d Cir. 1953); *Hart* v. *Simons*, 223 F.Supp. 109 (D.C.E.D. Pa. 1963); *Blackford* v. *Sioux City Dressed Pork, Inc.*, 118 N.W.2d 559 (Iowa 1962); *Moroni* v. *Intrusion-Prepakt, Incorporated,* 165 N.E.2d 346 (Ill. 1960); *San Francisco U. Sch. Dist.* v. *California Bldg. Main. Co.*, 328 P.2d 785 (Calif. 1958); *Baugh* v. *Rogers*, 148 P.2d 633 (Calif. 1944); McCoid, *The Third Person in the Compensation Picture: A Study of the Lia-*

*bilities and Rights of Non-Employers*, 37 Texas L. Rev. 389 (1958–59); *The Exclusive Remedy Provision of Workmen's Compensation Acts—Distribution of Risk Between a Concurrently Negligent Employer and Third Party*, 25 U. Chi. L. Rev. 522 (1957–58); *Recent Developments in the Iowa Workmen's Compensation Law Where Negligent Third Parties are Involved*, 37 Iowa L. Rev. 84 (1951–52).

In the state of New York, even in the absence of a contractual relation, the right to indemnity has been held when the employer has been actively negligent and the third party from whom the worker claimed did not contribute to the happening of the accident through any act of affirmative negligence on his part, or when there exists factual disparity between the delinquency of the employer and that of the third party and when the evidence shows that the employer is the primary wrongdoer. In this case, the defense that liability of employer was exclusive under a compensation statute was rejected in terms similar to those hereinbefore stated. *McFall* v. *Compagnie Maritime Belge (Lloyd Royal) S.A.*, 107 N.E.2d 463 (N.Y. 1952); *Rich* v. *United States*, 177 F.2d 688 (2d Cir. 1949); *Roberson* v. *Bitner*, 221 F.Supp. 279 (D.C.E.D. Tenn. 1963); *Great Northern Railway Co.* v. *Bartlett & Co., Grain*, 298 F.2d 90 (8th Cir. 1962); *Shell Oil Company* v. *Foster-Wheeler Corporation*, 209 F.Supp. 931 (D.C.E.D. Ill. 1962); *Krambeer* v. *Canning*, 184 N.E.2d 747 (Ill. 1962).

In II Larson, The Law of Workmen's Compensation 233–238, § 76.30 *et seq.*, it is stated that the origin of an indemnity claim against an employer for damages compensable under a workmen's accident compensation Act, depends exclusively on whether the liability is due to the damages for which compensation is provided. Indemnity is compensable in cases such as *Italia Soc., supra, Weyerhaeuser, supra, Ryan, supra*, and others; on the basis of obligation or warranty of a contractual nature, because the action against the

employer is not due to the damages caused, inasmuch as its origin can be traced to a specific contract between the third-party plaintiff and the employer. But, in cases of an implied obligation of a primary wrongdoer for a tortious act to reimburse the secondary tortfeasor, even though the form of the action is not ex delicto, the origin of the action is the damage caused and the concurring circumstances, and the liabilities arising therefrom and the obligation to indemnify depends exclusively on the comparison of the relation of both parties with respect to the damage.

Circumstances in *White* v. *McKenzie Electric Cooperative, Inc.*, 225 F.Supp. 940 (D.C.D. N. Dak. 1964), are similar to those in the case at bar. The injured worker, after receiving compensation, filed a third-party complaint for damages against an electric cooperative, and the latter, in turn, filed a third-party complaint against the employer alleging that *it was negligent in that it violated certain safety require-ments provided by law and that it owed a duty to third-party plaintiff;* that as it breached such duty the cooperative was entitled to indemnity from the employer; that if found guilty of negligence in the main action, such negligence was passive while that of the employer was active. The state statute on workmen's compensation provided that employers who comply with the provisions "shall not be liable to respond in damages . . . for injury to or death of any employee" and that "the payment of compensation . . . shall be in lieu of any and all rights of action whatsoever against the employer of the injured . . . employee." It was concluded that the legislative intention inferred from the language of the statute is to provide an exclusive liability; that "the great weight of authority is that such exclusivity provision, in and of itself, eliminates any cause of action on the part of a third party against a complying employer." *The court also added that, furthermore, in this case the allegations do not show that a contractual relationship, either actual or implied, existed*

*between the cooperative and the employer, so, therefore, the doctrine established in Italia Soc., supra, or the one in Ryan, supra, cannot be invoked.* The court rejected the "passive-active negligence" theory because "there can be no common liability to the employee when the liability of the employer is governed by the terms of a workmen's compensation act and the liability of the third party is based on common law negligence." *City of Abilene* v. *Jones,* 355 S.W.2d 597 (Texas 1962); *A. O. Smith Corp.* v. *Associated Sales & Bag Co.,* 113 N.W.2d 562 (Wis. 1962); *Slechta* v. *Great Northern Railway Company,* 189 F.Supp. 699 (D.C.N.D. Iowa 1961), *aff'd, Great Northern Railway Company, supra; Peak Drilling Co., supra.*

In *Slechta, supra,* the claim for indemnification was based on the employer's duty to handle and maintain the railroad boxcars in good condition so they would not cause any damages to the owner thereof, and it was in the handling of a boxcar that the worker who received compensation was injured. The court, although it recognized the right to indemnification when an employer breaches an independent, contractual, or implied duty in law, concluded that under the circumstances previously stated it could not be inferred that such duty existed.

In the instant case it is alleged that negligence on the part of the petitioner caused the accident as a result of which the worker who was compensated was injured, and petitioner in turn alleges that the employer owed it an independent duty of complying with certain safety requirements provided by law and that employer's noncompliance was the cause of the accident, and that any loss sustained by petitioner on that account would be the result of the fault or negligence of the employer. It has not been alleged that such loss, if any, was due to the violation by the employer of any express or implied contractual obligation owed the petitioner. Although the Workmen's Accident Compensation

Act as to the employer's immunity against claims by reason of compensable damages sustained by one of its employees is couched in terms somewhat different from those of the Act invoked in *White, supra,* it is not less certain that upon providing that "the right . . . to obtain compensation shall be the only remedy against the employer," it clearly and undoubtedly provided that the employer should not be subject to any other claim arising from damages sustained by the injured worker. Violation of such safety regulation by the employer furnishes the basis to sustain that negligence on the part of the employer was another direct cause of the accident in question, so that actually in the original complaint and in the third-party complaint it is alleged that petitioner and the employer are jointly liable for damages sustained by the workman. We do not consider it sound to recognize the right of indemnity on the basis of differentiation as to quality, extent or degree of negligence of the third party and the employer, inasmuch as, after all, the origin of such right is the damage caused to the worker and the obligation to indemnify depends exclusively on the comparison of the relations of both parties with respect to damages. Therefore, to recognize the right of indemnity in such circumstances is an indirect way of imposing liability on the employer, of which the law relieved him.

For the reasons stated the summary judgment rendered by the trial court shall be affirmed.