**Walter GERNAND, Plaintiff/Appellant,**

v.

**OST SERVICES, INC., a domestic corporation, Defendant and Third–Party Plaintiff/Appellee,**

v.

**CITY OF NEW LEIPZIG, Third–Party Defendant/Appellee.**

**Civ. No. 9827.**

Supreme Court of North Dakota.

Oct. 29, 1980.

Kelsch & Kelsch, Mandan, for plaintiff/appellant; argued by Arlen M. Ruff, Mandan.

Fleck, Mather, Strutz· & Mayer, Bismarck, for defendant and third–party plaintiff/appellee Ost Services, Inc.; argued by Jane Fleck Romanov, Bismarck.

Lundberg, Conmy, Nodland, Rosenberg, Lucas & Schulz, Bismarck, for third–party defendant/appellee City of New Leipzig; argued by Patrick A. Conmy, Bismarck.

Richard J. Gross, Spec. Asst. Atty. Gen., Bismarck, amicus curiae.

PAULSON, Justice.

Walter M. Gernand appeals from a judgment entered against him by the Burleigh County District Court on April 29, 1980. The judgment granted the City of New Leipzig's motion for summary judgment and dismissed the City of New Leipzig from the action. We affirm the judgment of the district court.

Walter M. Gernand was a maintenance employee for the City of New Leipzig. Because the sewer system for the city had become clogged, the city directed Gernand

to contact Ost Services, Inc., in order to clear the sewer line. Ost Services, Inc., directed two of its employees to work on the clogged sewer line on July 11, 1979. At 10 a. m. on July 11, 1979, Gernand entered the sewer lift station in order to release gas from the sewer line. The two employees from Ost Services, Inc., arrived in New Leipzig at 1 p. m. on July 11, 1979, and Gernand directed the employees to the lift station. Gernand entered the lift station and inserted a high pressure water hose that was attached to Ost Services, Inc.'s truck into the clogged sewer line.

After the hose had been inserted into the sewer line, the employees from Ost Services, Inc., activated a pump on the truck and a jet spray of water passed through the hose and began clearing the clog. Gernand worked in the lift station for five minutes before the odor in the station forced him to climb out of the station to get fresh air. An employee of Ost Services, Inc., then climbed into the lift station in order to control the hose that had been inserted into the sewer line. After a few minutes, Gernand looked into the station and saw the employee from Ost Services, Inc., lying unconscious in the bottom of the lift station. Gernand informed the other employee from Ost Services, Inc., that the employee in the lift station was in trouble.

Gernand entered the lift station in order to aid the employee lying at the bottom of the lift station. The gases in the lift station overcame Gernand and he also lost consciousness. The other employee from Ost Services, Inc., came to the aid of Gernand and the other employee; however, he also was overcome by the gases in the lift station. The three men were found at 3 p. m. The two employees from Ost Services, Inc., died in the accident. Gernand survived the accident but suffered extensive injuries including some brain damage.

Following the accident, O.S.H.A. conducted an investigation and cited Ost Services, Inc., for violations of the Occupational Safety and Health Act because no program for surveillance of the work area had been used. The City of New Leipzig had an operations manual which contained procedures to be used in the operation of the lift station. The manual had been filed with the North Dakota Department of Health. The manual contained safety procedures to be used in order to prevent the type of accident which injured Gernand. The procedures were never implemented or followed by the city or its employees.

On January 21, 1980, Gernand initiated this action by issuing a complaint which alleged that Ost Services, Inc., negligently conducted the activities which led to Gernand's injuries. In its answer, Ost Services, Inc., alleged that Gernand's complaint failed to state a claim for which relief could be granted. On February 26, 1980, Ost Services, Inc., issued a third–party complaint against the City of New Leipzig which alleged that the city negligently failed to comply with the North Dakota Department of Health requirements. The city presented a motion for summary judgment based upon the ground that the City of New Leipzig had complied with the provisions of the workmen's compensation statutes. Gernand had received workmen's compensation benefits. Employers who secure payment of compensation to their employees by contributing premiums to the Workmen's Compensation Fund are precluded from being held liable for the personal injuries suffered by injured employees. § 65–01–08, N.D.C.C. On April 29, 1980, the Burleigh County District Court granted the city's motion for summary judgment and dismissed the city from the action by Gernand against Ost Services, Inc.

The judgment entered against Gernand by the Burleigh County District Court decreed:

"1. That the motion for summary judgment is granted and the City of New Leipzig is dismissed with prejudice from the captioned action;

"2. That any evidence of negligence of the City of New Leipzig shall be submitted to the jury and compared at trial of the captioned action;

"3. That any percentage of negligence attributed to the City of New Le-

ipzig shall operate to reduce the claim of the plaintiff, said percentage having been satisfied by the payment of workmen's compensation benefits;

"4. That the defendant, Ost Services, Inc., shall be liable only for an amount which reflects the percentage of negligence attributed to it;

"5. That the percentages of negligence of the city of New Leipzig and the defendant, Ost Services, Inc., shall be combined and then compared to the percentage of negligence attributable to the plaintiff in order to determine if the plaintiff may recover;

"6. That no evidence shall be introduced as to the amount of workmen's compensation benefits paid to the plaintiff;

"7. That the equities relevant to the plaintiff and the Workmen's Compensation Fund in the event of recovery by the plaintiff shall be deferred until the issues of the negligence of the defendant, Ost Services, Inc., and the City of New Leipzig have been determined by a jury."

■ On this appeal from a summary judgment in favor of the City of New Leipzig, we must determine if the information available to the trial court, when viewed in the light most favorable to Gernand, precluded a genuine issue as to any material fact and entitled New Leipzig to a summary judgment as a matter of law under Rule 56(c), N.D.R.Civ.P. Gernand's appeal focuses upon the district court's statement of the law which would be applied after the City of New Leipzig was dismissed from the action.[1] These matters were not a part of the City of New Leipzig's motion for summary judgment but were simply a prelimi-

nary statement of the trial court's view of the law on issues that would arise later in the trial of the main action. To consider Paragraphs 2 through 7 of the judgment, which were raised as issues by Gernand, would require that this court render an advisory opinion. We decline to render an advisory opinion on those issues raised by Gernand in Paragraphs 2 through 7 of the judgment because decisions of this court must be limited to questions involving existing rights in real controversies. *See State Bank of Velva v. State Bank of Towner*, 258 N.W.2d 144 (N.D.1977).

■ The district court's issuance of the summary judgment was predicated upon the ground that the City of New Leipzig had complied with the provisions of the workmen's compensation statutes. Section 65–01–01, N.D.C.C., states that workmen injured in hazardous employment are provided relief under the workmen's compensation statutes to the exclusion of other remedies. This section goes on to state that civil causes of action for personal injuries sustained by workmen injured in hazardous employment and all jurisdiction of the courts of the State over such causes of action are abolished. Section 65–01–08, N.D.C.C., states that where an employer has secured the payment of compensation to his employee by contributing premiums to the Workmen's Compensation Fund, the employee has no right of action against such contributing employer for damages for personal injuries, but shall look solely to the fund for compensation.

Section 65–04–28, N.D.C.C., provides that employers who comply with the provisions of Chapter 65–04, N.D.C.C., are not liable to respond in damages at common law or by statute for injury to or death of any employee. In essence, the workmen's compensation statutes provide that an employer

1. The issues which Gernand presents for our review are as follows:

1. Should the negligence of Ost Services, Inc., be compared with the negligence, if any, of the City of New Leipzig, and, if so, should Ost Services, Inc., be entitled to contribution from the City of New Leipzig; and

2. If contribution is allowed, is Ost Services, Inc., still liable, jointly and severally, for any potential award granted to Walter Gernand; and, if not, what theory should be used to determine the amount of liability of Ost Services, Inc.?

who complies with the provisions of such statutes is not liable to respond in damages at common law or by statute for the injury to or death of any employee. Furthermore, § 65–05–06, N.D.C.C., provides that payment of compensation or other benefits by the Workmen's Compensation Bureau to the employee is in lieu of any rights of action against the employer of the injured employee. The sections outlined above refer to what is commonly known as the exclusive remedy rule in workmen's compensation law.[2] Generally, the rule provides that when an employer is in compliance with the workmen's compensation statutes, the employee's exclusive remedy is limited to recovery under the workmen's compensation statutes. However, there are some exceptions to the exclusive remedy rule which are not applicable here.

The district court properly granted New Leipzig's motion for summary judgment in the instant case because the statutes outlined above, coupled with the holdings in *White v. McKenzie Electric Cooperative, Inc.*, 225 F.Supp. 940 (D.N.D.1964); *Stine v. Weiner*, 238 N.W.2d 918 (N.D.1976); *Sayler v. Holstrom*, 239 N.W.2d 276 (N.D.1976); and *Latendresse v. Preskey*, 290 N.W.2d 267 (N.D.1980), state that the exclusive remedy rule is applicable under our workmen's compensation law. Because the City of New Leipzig was in compliance with the provisions of the workmen's compensation statutes, Gernand is precluded from recovery from the City of New Leipzig due to the operation of the exclusive remedy rule. Additionally, Gernand received benefits under the workmen's compensation statutes, which also precludes his recovery from the City of New Leipzig.

Those issues which Gernand presents for our consideration, *i. e.*, Paragraphs 2 through 7 of the judgment, are more appropriately matters for consideration by the legislature. The issues involve several legal concepts. The exclusive remedy provisions of the workmen's compensation statute provide that when an employer has secured the payment of compensation to his employees for contributing premiums to the Workmen's Compensation Fund, the employee has no right of action against such contributing employer for damages. The problem becomes more complicated when the injured employee initiates an action against a third party and the third party seeks contribution or indemnity from the employer of the injured employee because the employer's negligence has caused or contributed to the injury.[3] Thus, principles of comparative negligence, joint and several liability, contribution, and the subrogation rights accorded by the workmen's compensation statute may become applicable.

Section 9–10–07, N.D.C.C., provides that contributory negligence does not bar recovery for an injury if the injured person's negligence was not as great as the negligence of the person against whom recovery is sought. Any damages allowed are reduced in proportion to the amount of negligence attributable to the person who was injured and seeks to recover for the injury.[4] Section 9–10–07, N.D.C.C., also provides that when two or more persons are jointly liable for the injury, contributions to the award given to the injured party must be made in proportion to the percentage of negligence attributable to each party. Each party remains jointly and severally liable for the whole award.

Section 32–38–01, N.D.C.C., provides that where two or more persons become jointly or severally liable in tort for the same injury, a right of contribution exists among these persons. The right of contribution exists only in favor of a tortfeasor who has paid more than his pro rata share of the common liability. No tortfeasor is compelled to make contribution beyond his own pro rata share of the entire liability.

**2.** *See* Larson, Workmen's Compensation Law 2A, §§ 65 & 66 (1976).

**3.** For a further discussion of the problem *see* Larson, Workmen's Compensation Law 2A § 76 (1976) et seq.

**4.** *See* Comparative Negligence–North Dakota Armond G. Erickson, 51 N.D.L.Rev. 745 (1975).

Section 65–01–09, N.D.C.C., provides that the Workmen's Compensation Fund is subrogated to the rights of the injured employee. If the injured employee does not institute suit, the Workmen's Compensation Bureau may institute an action as trustee for the injured employee. If neither the injured employee nor the Workmen's Compensation Bureau institutes suit, the employer may bring an action in trust for the Bureau and for the employer.

In the instant case, the right of contribution provided under § 32–38–01, N.D.C.C., may become available to Ost Services, Inc. However, the exclusive remedy provisions of the workmen's compensation statutes operate to foreclose the City of New Leipzig's liability for contribution. *White v. McKenzie Electric Cooperative, Inc.*, 225 F.Supp. 940 (D.N.D.1964). Section 65–05–06, N.D.C.C., explicitly states that payment of compensation "shall be in lieu of any and all rights of action whatsoever against the employer". The majority of jurisdictions have held that the employer whose concurring negligence contributed to the employee's injury cannot be sued or joined by the third party as a joint tortfeasor, whether under contribution statutes or at common law, because the employer is absolutely liable irrespective of negligence.[5] Any change in the exclusive remedy provisions and in the subrogation provisions is more appropriately a matter for the legislature's consideration.

For reasons stated in this opinion, the judgment is affirmed.

ERICKSTAD, C. J., and VANDE WALLE, PEDERSON and SAND, JJ., concur.

---

**5.** For a review of the jurisdictions dealing with the problem, *see* Larson, Workmen's Compensation Law 2A, § 76.21 (1976).