**Stephen C. SORENSEN and Connie Sorensen, Plaintiffs,**

**v.**

**TENNECO OIL COMPANY, a foreign corporation; and N–L Well Service-N–L Industries, Inc., Defendants,**

**and**

**TENNECO OIL COMPANY, a foreign corporation, Third Party Plaintiff,**

**v.**

**DYNA JET, INC., Third Party Defendant.**

**Civ. No. A1–84–71.**

United States District Court, D. North Dakota, Southwestern Division.

May 28, 1985.

David F. Senn, Dickinson, N.D., for plaintiffs.

Paul G. Woutat, Grand Forks, N.D., for N–L Well Services-N–L Industries, Inc.

B. Timothy Durick, Bismarck, N.D., for Tenneco Oil Co.

Richard N. Jeffries, Moorhead, Minn., for Dyna-Jet, Inc.

MEMORANDUM AND ORDER

VAN SICKLE, Senior District Judge.

Plaintiffs allege in this action that Stephen Sorensen (Sorensen) was injured

while employed by Dyna Jet, Inc. (Dyna Jet). Sorensen and his wife brought suit against the general contractor, Tenneco Oil Company (Tenneco), and a subcontractor, N–L Well Service—N–L Industries, Inc. Tenneco subsequently brought a third party action against Sorensen's employer, Dyna Jet. Tenneco and Dyna Jet have moved for summary judgment against each other on the third party action. The primary issue in both motions is whether the provisions of the North Dakota Workmen's Compensation Act preclude enforcement of the indemnification agreement between Tenneco and Dyna Jet. Dyna Jet has also moved to certify this issue to the North Dakota Supreme Court.

## CERTIFICATION

Dyna Jet has moved to certify the following question to the North Dakota Supreme Court:

In a personal injury action brought against a Third Party Tort Feasor [sic], do the exclusive remedy provisions of Chapter 65 of the North Dakota Century Code bar an action by the Third Party Tort Feasor [sic] against a complying employer upon a written indemnity agreement between the Third Party Tort Feasor [sic] and the complying employer?

Doc. No. 42 at 1-2. Tenneco resists the motion, arguing that this court has already determined the issue, that this court has the capacity to determine state law (even if it is an open question), and that the North

Dakota Supreme Court's view on the matter is clear.

Although the narrow question raised by Dyna Jet has not been explicitly resolved by the North Dakota Supreme Court,[1] this court has already ruled on the precise issue in one case [2] and addressed the issue by inference in two other decisions.[3] And although the state Supreme Court decisions are not exactly on point, they provide this court with sufficient precedent to resolve the issue without certification. *See infra* at 840, 841.

## SUMMARY JUDGMENT MOTIONS

Tenneco has moved for summary judgment, requesting this court to

order third party defendant Dyna Jet to defend, indemnify and hold harmless Tenneco, to reimburse Tenneco for its costs, expenses and attorneys' fees, and to be subject to an adverse judgment for any and all amounts adjudged against Tenneco.

Doc. No. 38 at 7. Summary judgment under Rule 56 is not the appropriate method to obtain the type of relief requested.[4]

In fact, Tenneco is requesting a declaratory judgment which finds that Dyna Jet is responsible for the defense of this suit and any liability imposed upon Tenneco. Although mistitled as a summary judgment motion, Tenneco's attempt to move for a declaratory judgment is sufficient to

1. *See Layman v. Braunschweigische Maschinenbauanstalt*, 343 N.W.2d 334, 338, 344 (1983) (no contractual indemnity agreement); *United Pac. Ins. Co. v. Aetna Ins. Co.*, 311 N.W.2d 170, 173 (referring to the contractual indemnity exception but finding a lack of jurisdiction to decide the issue of liability under the indemnity agreement prior to a jury verdict); *Gernand v. Ost Servs., Inc.*, 298 N.W.2d 500, 503–04 (1980) (no contractual indemnity agreement); *Saylor v. Holstrom*, 239 N.W.2d 276, 278–83 (1976) (no contractual indemnity agreement).

2. *Nelson v. United Power Ass'n, Inc.*, Civ. No. A1–81–146 at 4–5 (D.N.D. March 24, 1983) (Van Sickle, J.) (Doc. No. 38, Ex. G).

3. *White v. McKenzie Elec. Coop.*, 225 F.Supp. 940, 945–46 (D.N.D.1964) (Register, C.J.) (non-contractual indemnity insufficient to override workmen's compensation statutes; court states in dicta that contractual indemnity supersedes those provisions); *Paur v. Crookston Marine, Inc.*, 83 F.R.D. 466, 473 (D.N.D.1979) (Benson, C.J.) ("By the same reasoning used in *White*, [§ 65–01–08] precludes any action for *common law* contribution or indemnity....." (emphasis added) ).

4. For example, application of the indemnity agreement will not be necessary unless Sorenson receives a verdict in his favor against Tenneco. Such an occurrence clearly entails material issues of fact.

place the issue before the court.[5] The court notes, however, that Dyna Jet's cross-motion is properly labeled as a motion for summary judgment since Dyna Jet's requested relief is dismissal from the case.

### 1. Indemnity

Employers who comply with the provisions of the North Dakota Workmen's Compensation Act are not liable for damages "at common law or by statute for injury to or death of any employee." *Gernand v. Ost Services, Inc.,* 298 N.W.2d 500, 503 (N.D.1980). This restriction of remedy in situations where the employer complies with the state's workmen's compensation provisions is commonly known as the exclusive remedy rule.[6] Most jurisdictions, including North Dakota, refuse to consider the exclusive remedy rule as absolute.

> *Generally,* the rule provides that when an employer is in compliance with the workmen's compensation statutes, the employee's exclusive remedy is limited to recovery under the workmen's compensation statutes. *However, there are some exceptions to the exclusive remedy rule* which are not applicable here.

*Id.* at 504 (emphasis added). The most common exception to the rule concerns contractual indemnity provisions. 2A A. Larson, *The Law of Workmen's Compensa-*

tion § 76.42 at 14–630 to –631 (1983 & Supp.1984).

This court has addressed the indemnity exception to the exclusive remedy rule on several occasions. In *Nelson v. United Power Association, Inc.,* No. A1–81–146 (D.N.D. Mar. 24, 1983), this court recently held that an indemnity agreement between an employer and a third party retains validity despite the provisions of the North Dakota Workmen's Compensation Act:

> [T]here is no evidence that § 65–01–08 was meant to bar private contractual provisions for indemnity, although it is clear that it was meant to bar equitable indemnity. If the legislature had meant to deny this contractual freedom one would assume that they would have stated as much.

*Id.* at 4 (Doc. No. 38, Ex. G).

The *Nelson* decision is consistent with this court's previous rulings concerning noncontractual indemnity. In *White v. McKenzie Electric Cooperative,* 225 F.Supp. 940 (D.N.D.1964), Chief Judge Register ruled that "[i]n the absence of [an] independent contractual relationship and duty between employer and third party, indemnity is not allowed." *Id.* at 946.[7] The necessary inference from Judge Register's decision is that where a *contractual* indemnity provision exists, indemnity is allowed.[8]

---

**5.** Although there may be some question as to whether the state court would resolve the two issues raised by Dyna Jet in a declaratory action (*see Aberle v. Karn,* 316 N.W.2d 779, 781 (N.D. 1982); *United Pacific,* 311 N.W.2d at 174; N.D. Cent.Code § 32–23–06), it is clear that federal courts can employ declaratory judgment procedures to determine questions concerning indemnity and obligations to defend. *See generally* 10A C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure* §§ 2756, 2760 (1983); 20 J. Appleman, *Insurance Law & Practice* §§ 11351–54, 11357 (1980); 10 Fed.Proc., L.Ed. § 23:21 to –23 (1982).

**6.** This court is aware that the exclusive remedy rule is ostensibly directed only to the ability of an employee to sue the employer and does not explicitly concern third-party suits against the employer. *See* N.D.Cent.Code § 65–01–08 (1960). It could therefore be argued that an exception to the exclusive remedy rule is unnecessary, and that by direct application a third

party (other than the employee) may recover damages from an employer that were paid to the employee by the third party. Nonetheless, it has become common practice to conceptualize the exclusive remedy doctrine as if it disallowed any action by any person against a complying employer in relation to an employee's injuries, thereby making the use of the term "exception" to the exclusive remedy doctrine proper.

**7.** The North Dakota Supreme Court adopted this position in *Saylor v. Holstrom,* 239 N.W.2d 276 (N.D.1976) (*aff'g* district court's decision applying *White*) and explicitly relied on *White* in *Gernand v. Ost. Servs., Inc.,* 298 N.W.2d 500, 504 (N.D.1980).

**8.** *See also Paur v. Crookston Marine, Inc.,* 83 F.R.D. 466 (D.N.D.1979), where Chief Judge Benson held that § 65–01–08 "precludes any action for *common law* contribution or indemnity against [the employer]." *Id.* at 473 (emphasis added).

Dyna Jet argues that this court's interpretation of North Dakota law is incorrect. Although the North Dakota Supreme Court has not explicitly adopted the contractual indemnity exception, it has made numerous references to that exception. In *Gernand,* quoted above, the court recognized that there are some exceptions to the exclusive remedy rule and made favorable mention of Chief Judge Register's decision in *White.* 298 N.W.2d at 504. Several years later, the North Dakota Supreme Court stated in dicta (due to want of a justiciable controversy at that point in the litigation) that the contractual indemnity exception to the exclusive remedy rule "was recognized in the case of *White v. McKenzie Electric Cooperative, Inc.*" and that "a judgment would be entered against [the employer] only if an independent contractual relationship is found to exist between [the subcontractor] and [the employer]." *United Pacific Insurance Co. v. Aetna Insurance Co.,* 311 N.W.2d 170, 173 (N.D.1981) (emphasis omitted). This language makes it clear that the North Dakota Supreme Court believes that an independent contractual relationship between an employer and a third party (other than the injured employee) creates an exception to the exclusive remedy rule, thereby allowing judgment against an employer (such as Dyna Jet) in favor of a third party (such as Tenneco) who has entered into an indemnity contract with the employer.[9]

Dyna Jet also argues that through the more recent decision of *Layman v. Braunschweigische Maschinenbauanstalt,* 343 N.W.2d 334, 338, 344 (1983), the North Dakota Supreme Court "has clearly decided that contribution is barred and, by that decision, has signaled that indemnity would also be barred." Doc. No. 41 at 2. Of course, the Supreme Court had decided long before *Layman* that contribution is barred (*see id.* at 344), even before the court issued its *United Pacific* decision adopting, albeit in dicta, the contractual indemnity exception. It is therefore incorrect to assume that *Layman* affects the continuing precedential value of *United Pacific.* Nor is this court able to perceive in the *Layman* decision a "signal" that *contractual* indemnity would also be barred. On the other hand, the *Layman* decision reiterates the general (and not absolute) rule of the exclusive remedy doctrine (343 N.W.2d at 338) as well as the supreme court's previous conclusion "that any changes in the comparative negligence act *or the exclusive remedy provision* and subrogation provisions of the workmen's compensation statutes are matters best left to our legislature." *Id.* at 350 (emphasis added).

■ Although the North Dakota Supreme Court has not resolved the issue of whether contractual indemnity between an employer and a third party creates an exception to the exclusive remedy doctrine, there is sufficient indication from that court's opinions to convince this court that an employer foregoes that protections of the exclusive remedy doctrine when he enters into an indemnity contract with someone other than the employee who is later injured. This court therefore holds that the contractual agreement of indemnity between Dyna Jet and Tenneco is not invalidated by the provisions of Chapter 65 of the North Dakota Century Code. It is therefore appropriate for the court to enter a declaratory judgment in accordance with this holding and deny both motions for summary judgment.

### 2. Obligation to Defend

■ Tenneco's request to require Dyna Jet to defend this action is untimely under the circumstances. Sorensen commenced the action in April, 1984. Five months later, on September 4, 1984, Tenneco filed its answer and began discovery. Although

---

**9.** The court notes that the Tenneco-Dyna Jet indemnity provision appears equitable in that each party agreed to indemnify the other should one of its employee's suffer an injury in relation to the performance of the contract. In other words, had a Tenneco employee been injured in the performance of the contract, Tenneco would have been required to indemnify Dyna Jet, even if the injury resulted from both Dyna Jet's and Tenneco's negligence. Such a contract provides employers with an extra incentive to assure the safety of their employees.

Tenneco could have made its motion at that time, it did not. Instead, it waited until January 18, 1985, to bring the motion, two weeks before the end of the discovery period. Trial has been set once for June 21, 1985, and will be reset in the very near future. Discovery has been completed and the final pretrial has been held. Although counsel for Dyna Jet is prepared to defend his client, he is not prepared to defend Tenneco as well. Doc. No. 55 at 1–2. Under these circumstances, it is best to deny the request for declaratory judgment as to Dyna Jet's obligation to defend and allow counsel to raise it anew following trial. Such a result does not prejudice Tenneco since should it prevail on this issue, it will be reimbursed for its defense of the action.

Based on the entire file, IT IS ORDERED

1) that it is declared and adjudged that the contractual agreement of indemnity between Dyna Jet and Tenneco is not invalidated by the provisions of Chapter 65 of the North Dakota Century Code;

2) that Dyna Jet's motion to certify the question at issue to the North Dakota Supreme Court is DENIED;

3) that Tenneco's motion for summary judgment as to Dyna Jet's duty to defend is DENIED without prejudice; Tenneco's motion for summary judgment is in all other respects DENIED; and

4) that Dyna Jet's motion for summary judgment is DENIED.